ROGERS, Justice.
 

 The Rapides Central Railway Company, a Louisiana Corporation, brought suit against the Missouri Pacific Railroad Company, a Missouri corporation, 'and Guy A. Thompson, trustee in bankruptcy, to expropriate a crossing over the tracks and right-of-way of the defendant railroad company by the construction of an overpass or viaduct. Defendants excepted to plaintiff’s petition on the ground that plaintiff is without “qualification, capacity, right, power and authority to exercise the power of eminent domain or expropriation herein sought.” All of which, stated in simple language, means that plaintiff’s petition fails to disclose a right or cause of action.
 

 After denying plaintiff’s motion that defendants’ exceptions be made to stand as an answer, the trial judge heard and overruled the exceptions. This judgment was rendered, read and signed in open court on November 17, 1944. The minutes of the court of the same date, after reciting that the exceptions were overruled, further recites that: “Upon motion of counsel for defendants, a suspensive and devolutive appeal was prayed for and granted, made returnable to the Honorable, the Supreme Court of Louisiana, at New Orleans, Louisiana, on or before Tuesday, January 2nd, 1945. Suspensive and devolutive appeal bonds fixed in the sum of $250.00 each.” An appeal bond in the sum of $250.00 was filed by the defendants in the district court on November 29, 1944, and the transcript of appeal was filed in this Court on December 14, 1944.
 

 Plaintiff, appellee, moves to dismiss the appeal on the ground that it was not properly and timely taken and made returnable as required by law and on the ground, in the alternative, that this court is without jurisdiction of the appeal, and on the ground, in the further alternative, that the judgment rendered by the district court is not a definitive judgment, but is a mere interlocutory order disposing of exceptions and preliminary pleas from which no appeal is allowed by law.
 

 
 *873
 
 Answering the motion to dismiss, the defendants, appellants, deny that their appeal was not timely and properly taken and made returnable to this court and they further deny that the judgment appealed from is a mere interlocutory order. Defendants, appellants, aver in their motion that their appeal was properly and timely taken and made returnable as required by law and that the appeal was properly perfected by the timely filing of an appeal bond. Defendants, appellants, further aver that the judgment appealed from is a definitive judgment which disposes of their contention that plaintiff is without right to expropriate their property, and that they are entitled to have that question finally determined by this court before their property is expropriated. They further aver that if this court is without jurisdiction ratione materiae, the appeal should be transferred to the Court of Appeal for the Second Circuit.
 

 We do not find it necessary to consider any of- the grounds alleged by plaintiff for the dismissal of defendants’ appeal, except the ground set forth in paragraph three of the motion to dismiss, “ * * * that there has been rendered in this cause no definitive judgment upon any part or portion of the merits thereof or any of the issues presented from which an appeal properly lies, but only an interlocutory order disposing of exceptions and preliminary pleas from which no appeal is allowed by law.”
 

 The minutes of the court disclose that on the day the exceptions were called for trial, plaintiff filed a motion that they be held “to be an answer to petitioner’s complaint and that the cause be put at issue thereby and the cause be assigned for trial thereon * * Defendants opposed the motion and after argument thereon, the motion was overruled and the case was proceeded with on. the exceptions which were argued, submitted and taken under advisement. Later, for the reasons assigned in his written opinion, the judge of the district court rendered a judgment ordering “that the exceptions filed be and the same are overruled.” The judge did not reject plaintiff’s demand, nor dismiss plaintiff’s suit.
 

 The judgment appealed from, therefore, does not purport to dispose of the merits of the case, as to which no issue has been joined by the answers of the defendants. It is, therefore, not a final judgment disposing of the controversy between the parties having the force of res judicata. Code Prac. Art. 539. It is merely an interlocutory judgment overruling the preliminary pleas and exceptions of no right or cause of action.
 

 The entire proceeding in this case shows that the judge, as well .as the parties, considered the exceptions only as preliminary pleas to be disposed of prior to the trial of the case on the merits. Counsel for defendants vigorously objected to plaintiff’s motion that the exceptions be treated as an answer to the petition .and that the case be put at issue thereby and assigned for trial thereon. The effect of sustaining the motion would have been to put the case at issue for final disposition on the allegations of the petition and the
 
 *875
 
 allegations of the exceptions treated as answers to petitioner’s complaint. Defendants’ objection to the motion was sustained and the case was not tried on the merits, but was heard and decided only on the preliminary exceptions.
 

 The ruling of the trial judge denying plaintiff's motion that defendants’ exceptions be treated as an answer and that the case be tried accordingly and ordering the trial to proceed only on the exceptions shows that the judge did not consider the case was at issue between the parties on the merits. This is also shown by the fact that in his judgment the judge merely overruled the exceptions. He did not reject plaintiff’s demand nor dismiss plaintiff’s suit. Furthermore, ^the motion to dismiss plainly shows that plaintiff, appellee, considered that the decision on the exceptions was merely a preliminary or interlocutory decree because one of the grounds set forth for the dismissal of the appeal is that the judgment is an interlocutory and not a final judgment.
 

 The fact that the judgment was signed does not and can not change its character from that of an interlocutory decree to that of a final judgment. Feitel v. Feitel, 169 La. 384, 125 So. 280.
 

 The judgment not being a final judgment, but merely a preliminary or interlocutory decree, the right to appeal from it prior to the rendition of a final, judgment depends, as provided in Article 566 of the Code of Practice, upon whether it may cause appellants irreparable injury. But no such injury can be suffered by the defendants from the judgment. Defendants may obtain relief, if the judgment overruling their exceptions is erroneous, by filing their answers with reservation of the exceptions and awaiting the judgment on the merits of the case. Defendants can not lose any rights in that respect by the dismissal of this appeal.
 

 We are unable to comply with the suggestion of defendants, appellants, comtained in their opposition to the motion to dismiss that if this court should find it is without jurisdiction ratione materiae, the appeal should be transferred to the Courtof Appeal for the Second Circuit. Theappeal in this case must be dismissed and not transferred to the Court of Appeal since no .appeal lies to either court from an interlocutory judgment unless injury,, would result from the judgment, which is not the case here.
 

 For the reasons assigned, the motion to dismiss is sustained and the appeal herein is dismissed.