McBRIDE, Judge.
Plaintiff filed this suit to recover a balance due on open account, and defendants-have answered and pleaded in reconvention a demand against plaintiff. Plaintiff, as defendant in reconvention, then made two corporations its third party defendants.. The third party defendants interposed an exception of prescription of one year to-the reconventional demand and also as to-the third party demand against them. The-lower court rendered a formal judgment which refers the plea of prescription to the-merits, and defendants took an appeal therefrom which is met by a motion to dismiss-filed by plaintiff on the assigned ground' that the judgment is merely interlocutory and can cause no irreparable injury to defendants and it is, therefore, unappealable.
The judgment is an interlocutory-one. See Dart’s New La.Dig. Vol. 2, p. 154, § 130. An appeal may be taken from, an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. art. 2083..
We cannot conceive how the judgment can cause defendants any injury, irreparable or otherwise. The exception was not passed upon by the court and the rights of appellants have neither been jeopardized nor prejudiced.
Appellants state that their appeal’ was prompted by certain statements made in the reasons for judgment of which they complain, but we are not concerned at this-point with why the judge saw fit to defer passing on the exception until the merits of the case were heard. The law is plain that reasons for judgment form no part of' the judgment itself. Morgan’s Louisiana & T. R. & S. S. Co. v. John T. Moore Planting Co., Limited, 130 La. 78, 57 So. 635.
The judgment before us not being one-from which an appeal may be taken, therefore the motion is maintained and the appeal is dismissed.
Motion maintained; appeal dismissed.