BOLIN, Judge.
Plaintiff brought a petitory action seeking recognition of her ownership of the SW>4 of the NE% (less two small tracts) of Section 33, Township 18 North, Range 2 East, located in Ouachita Parish, Louisiana. She alleged defendant, owner of contiguous property, was exercising possession of a portion of her property lying adjacent to that of defendant’s. Subsequent to filing of the petition the defendant, Mr. Oglesby, died and his wife was substituted individually and as administratrix of his estate.
Defendant filed a general denial and further answered:
“ * * * your defendant shows that the property claimed by plaintiff and that of defendant is contiguous, and that there has been a visible boundary separating the two estates for a period of more than thirty (30) years and defendant pleads the prescription of thirty (30) years in the event it is determined by the Court that there is possession by plaintiff on property west of the ideal boundary.”
The lower court gave judgment for plaintiff recognizing her as owner of the tract and ordering defendant to remove any encroachments on the property adjudicated and defendant appeals.
Defendant contended the portion of the answer previously quoted converted the suit from a petitory action to one in boundary. She also claimed title to the disputed tract by the acquisitive prescription of thirty years. The greater part of the trial was devoted to the hearing of evidence introduced by defendant in an effort to prove her prescriptive title.
The trial judge, in his written reasons, commented extensively on the evidence relating to the plea of prescription and found defendant had neither properly pleaded nor borne the burden of proving the possession required under the pertinent articles of the Louisiana Civil Code. He also concluded the action had not been converted by the pleadings into an action of boundary.
It is elementary that an appeal is from the judgment and not from the reasons given for its rendition. This judgment merely recognizes plaintiff as owner of the described property and orders defendant to remove any encroachment thereon.
Appellant has apparently abandoned the plea of prescription. In this appeal she specified only that the trial judge erred in admitting into evidence the ex parte plat of survey made for a prior owner .of plaintiff’s property and in using this plat as a basis for a judgment in favor of plaintiff.
It was stipulated by the parties that plaintiff is the record owner of the property described in the petition. Therefore, the only issue is whether defendant’s pleadings converted the action into one of boundary in conformity with Louisiana Civil Code Article 823 et seq. Defendant did not ask for the fixing of boundaries nor in any other way comply with codal articles relative to this action.
Since the judgment of the lower court recognizes plaintiff as owner of the property to which she admittedly has record title and orders removal of encroachments upon this property it is apparent there is nothing to support appellant’s contention of error.
Accordingly, the judgment appealed from is affirmed' at appellant’s cost.
Affirmed.