REGAN, Judge.
The plaintiffs, Albert R. Green and Harold B. Collins, individually and on behalf of •his minor son, Thomas P. Collins, filed this suit- ¿gainst' the defendant, New Orleans 'Public-Service, Inc., endeavoring to recover 'the respective sums of $15,150.00 and $16,-250.00 representing damages' incurred -by 'them as a result of a collision between a bus owned by the defendant and an automobile o.wned. by Collins but operated, by Green.
- . The' defendant answered and- denied the -accusations of negligence asserted against it by the plaintiffs, and alternatively pleaded the contributory negligence of the plaintiff, Albert R. Green.
Allstate Insurance Company also intervened in this suit endeavoring to recover $185.00 from the defendant as a subrogee of Collins, which amount ft expended in repairing his automobile in conformity-with a "policy of collision insurance issued to-Kim.
*399 The defendant answered this intervention and denied the pertinent allegations thereof.
Subsequently, the defendant, New Orleans Public Service, Inc., filed a third party petition against Allstate Insurance Company alleging therein negligence on the part of Green, the driver of the insured vehicle, and in the alternative, requested contribution predicated upon the theory that Green was a joint tort-feasor. Allstate Insurance Company, third party defendant, filed a peremptory exception of prescription to the third party petition, asserting therein that the action had prescribed by virtue of the passage of one year since the defendant was served with the original pleadings on November 16, 1964, and did not file its third party petition until January 31, 1966.
The lower court rendered judgment overruling the plea of prescription to the third party petition, and from this, judgment, Allstate Insurance Company, third party defendant, has prosecuted this appeal.
Counsel for the defendant has initially pointed out that this appeal should be dismissed since it is not one which emanates from a final judgment and does not cause the appellant, Allstate Insurance Company, any irreparable injury.
Counsel, in support thereof, relies upon the rationale emanating from Article 2083 of the Code of Civil Procedure, which reads:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
Counsel further relies upon the rationale of Jeansonne v. Willie[1] wherein this court refused to entertain an appeal from a judgment determining only the question of liability in a suit ex delicto; or more precisely, we reasoned therein that only a final judgment which brings before the court all issues to be judicially settled is appealable.
It is quite obvious that the lower court’s judgment overruling the third party defendant’s exception of prescription was not a final judgment On the contrary, it was merely interlocutory in nature.[2]
Appellant insists, however, that even if the judgment appealed from is interlocutory in nature, the appeal is properly posed for our consideration since a trial on the merits would cause it irreparable injury in the form of unnecessary expense which it will incur in engaging in a lawsuit. It is well settled that the expense incurred in the defense of a lawsuit is not judicially considered to be an irreparable injury within the contemplation of Article 2083 so as to justify entertaining an appeal from an interlocutory decree. In the case entitled Victory Oil Company v. Perret,[3] the court concluded that a judgment which referred to the merits a plea of prescription filed by the third party defendants was an interlocutory decree which would cause no irreparable injury to them and was therefore not appealable.
Counsel for appellant finally insists that the appellee’s motion to dismiss was not timely filed in this court He points out that Article 2161 of the Code of Civil Procedure provides that a motion to dismiss must be filed within three days of the return day or the date on which the, record is lodged in the appellate court, whichever is later. Pie further emphasizes that the dismissal of the appeal was not requested until the filing of appellee’s brief which was five days before the hearing of this appeal.
*400 In any event, Section 5 of Rule VII of the Uniform Rules of the Courts of Appeal provides that the court may dismiss an appeal ex proprio motu in any case in which the jurisdiction of the court has not been affirmatively established.
In this case, it is quite obvious that the appeal is one which emanates from an interlocutory judgment in which no irreparable injury has been caused, and, therefore, we are not possessed of jurisdiction to entertain such an appeal.
For the foregoing reasons, the appeal prosecuted herein by Allstate Insurance Company, third party defendant in the lower court, is hereby dismissed. The case is now remanded for such additional proceedings as the nature of the litigation may ultimately require.
All costs incurred herein are to await the final determination hereof.
Dismissed and remanded.

. La.App., 188 So.2d 170 (1966).

. Victory Oil Company v. Perret, La.App., 151 So.2d 565 (1963).

. Supra.