On Motion to Dismiss Appeal.
TATE, Judge.
The defendant appeals from a trial court judgment overruling two exceptions. The plaintiffs move to dismiss because the appeal is from an interlocutory judgment which normally is not appealable.
The defendant contends that the present interlocutory judgment may cause irreparable injury, and that therefore it may be appealed. LSA-C.C.P. Art. 2083.
The defendant appeals from the overruling of his exceptions (a) of no cause of action and (b) of unauthorized use of summary proceedings. The thrust of both of these exceptions is that the plaintiffs can no longer proceed with their original eviction suit because the issues of the litigation were concluded by a stipulation dictated into the record at the trial. (No formal judgment or written instrument incorporating the stipulation was ever executed because of disagreement between the parties as to the boundary of the property and the exact wording of the writing.)
*554 In contending that the judgment overruling the exceptions might cause irreparable injury, the defendant states that it “at least cast doubts on the validity and the binding, effect of the said [compromise] stipulation and subjects petitioner to eviction proceedings based on the plaintiffs’ original cause of action.” Tr. 51. There are further allegations of irreparable injury due to delays which must ensue in determining validity of the stipulation, as a result of the trial court’s overruling of the exceptions.
The Official Revision Comment to Article 2083 notes that the purpose of the prohibition of appeal except in case of final judgments is “in order to prevent piecemeal appeals”. In discussing interlocutory judgments which do or do not cause irreparable injury, the Comment notes several decisions which hold that the overruling of exceptions is not appealable, and none which hold to the contrary.
As the Comment indicates, among judgments overruling exceptions which have been held to be interlocutory and non-appealable are those disposing of exceptions of no right or cause of action, Rapides Cent. Ry. Co. v. Mo. Pa. R. Co., 207 La. 870, 22 So.2d 200, and exceptions to the jurisdiction ratione materiae and personae, Woodcock v. Crehan, La.App. 1 Cir., 28 So.2d 61. The overruling of the present exceptions no more causes irreparable injury than does a possibly erroneous overruling of the above-noted exceptions, held unappealable:
By their answer and by the trial on the merits, the defendant may obtain a trial court ruling by final judgment determining the validity of the compromise stipulation, along with any other issues of this litigation. No prejudicial change of substantive position is suffered by the defendant because of the overruling of his exceptions. The mere circumstance that the overruling of an exception, if erroneous, will delay the final disposition of the litigation does not constitute irreparable injury for purposes of appealability. (Otherwise, many interlocutory judgments overruling exceptions would be appealable, and piecemeal trial and appeal would be common.)
We therefore sustain the plaintiffs’ motion to dismiss the appeal from the interlocutory judgment here entered. The defendant-appellant is to pay the costs of this appeal.
Appeal dismissed.