FRUGÉ, Judge.
This is a suit involving the dissolution of a law partnership. Plaintiff, a former partner, is appealing judgments of the trial court which, among other things, refused to remove the court-appointed liquidator and declared that the law partnership was to recover on a quantum meruit basis for work done by the partnership prior to dissolution. Defendants move that the appeal be dismissed, and the liquidator answered the appeal requesting certain instructions.
On February 27, 1967, J. Minos Simon, partner in the law firm of Simon, Trice & Mouton, gave written notice to his co-partners that he was dissolving the partnership as of that date. Following the dissolution, the partners made several attempts to amicably liquidate the partnership and distribute the proceeds. The partners failed to agree on several items, however, with the primary disagreement concerning the distribution of fees for pending cases that were obtained on a contingency fee basis.
Phil Trice filed the first of three separate suits in the matter. Plaintiff instituted suit for himself and on behalf of the partnership against J. Minos Simon and Rixie Mouton, his former partners, for reimbursement of partnership funds and to recover fees allegedly due the partnership on contingency fee contracts.
Mouton later filed suit for liquidation of the partnership, requesting that he be appointed liquidator. The court instead appointed Fredric G. Hayes as liquidator and legal representative of the partnership. Hayes subsequently filed a third suit against the three partners, making certain demands upon them concerning the partnership assets. The trial court consolidated the three cases for trial.
Various exceptions and motions were filed in each of the cases. Simon and Mouton successfully urged that Trice had no capacity to act on behalf of the partnership. A motion by Trice to remove Hayes as liquidator was unsuccessful. The court also refused to set the liquidator’s bond at $100,000.00 and instead required a bond of $10,000.00. In addition, the court declared that the partnership was to recover on a quantum meruit basis for work done by it on each of the contingency fee contracts. Trice appealed to this court and defendants filed a motion to dismiss the appeal which was referred to the merits.
Defendants urge that the judgments appealed from are interlocutory and; on the basis of La. Code of Civil Procedure Article 2083, plaintiff’s appeal must be dismissed, unless he can show irreparable injury-
Plaintiff more or less admits that the judgment appealed from is interlocutory (brief p. 29), inasmuch as there has been no final judgment or actual partitioning of any of the assets.
Plaintiff contends, however, that he will suffer irreparable injury because the trial court’s mode of computing the amount due the partnership on each of the contingency fee contracts is incorrect. He contends *611 that the partnership should get all fees derived from each of the cases continued by one of the partners, subject only to the reimbursement of the continuing partner for his costs. Therefore, the quantum merit basis used by the trial court is incorrect and the cost to inventory each of the cases for such a mode of recovery is a useless expense. Even though this can be reversed on appeal, the parties taking the inventory will have to be paid, thereby depleting partnership funds and irreparably harming plaintiff.
Assuming that the trial court’s judgment is incorrect, as plaintiff contends, there is no irreparable injury which would justify an appeal from the interlocutory judgment. He merely shows that there is an expense incurred, which, if the trial court is wrong, will ultimately be useless. But many cases have interlocutory rulings and judgments involving some expense which may later be deemed incorrect or irrelevant by the appellate court. Such expenses, however, are not considered to be irreparable injury within the contemplation of La. Code of Civil Procedure Article 2083. Green v. New Orleans Public Service, Inc., 194 So.2d 398 (La.App. 4 Cir. 1967). If it were considered so, almost all interlocutory rulings could be appealed prior to a final judgment; and to allow such appeals would necessitate indeterminable expenses and delays resulting from the piecemeal appeal of each case. This is the very problem that La. Code of Civil Procedure Article 2083 is designed to prevent. Therefore, inventory expenses incidental to the litigation of this case in the trial court is not considered irreparable injury.
Trice further contends that the delay incidental to the trial court’s proceedings and the liquidator’s dilatory efforts to obtain possession of the partnership assets, has caused and will continue to cause him irreparable injury. There has been some delay in the instant case, but this is not unusual in view of the many complications involved in such a suit. In a consideration of the case on the merits we could only dispose of a portion of the issues presented, and it is not clear that our doing so would result in a quicker resolution of the case.
Also, it is quite probable that an inventory of all the cases, whether won or lost, will be needed for a final disposition of the case, and the trial court’s ordering such an inventory will probably hasten, rather than delay, the final resolution of this case.
Therefore, for the foregoing reasons, the motion to dismiss the appeal is granted, at plaintiff-appellant’s cost.
Appeal dismissed.