294 So.2d 598 (1974)
George P. MANDELLA, Jr., et al.
v.
Vincent J. RUSSO and Charles E. Cabibi.
No. 6136.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1974.
Rehearing Denied June 6, 1974.
*599 Samuel A. Blaize and Donald P. Schwarz, Sr., Metairie, for plaintiffs-appellees.
Charles E. Cabibi, New Orleans, for defendants-appellants.
Before BOUTALL, MORIAL and BOURG, JJ.
MORIAL, Judge.
Plaintiffs, George Mandella, Warren Gardner, Gertrude Gardner, and Alfred T. Post, brought this action against defendants, Vincent Russo and Charles Cabibi, seeking a declaration of the rights and obligations of the parties under the provisions of a promissory note payable in installments and secured by a vendor's lien and mortgage on a tract of land in Jefferson Parish. On October 13, 1970 pursuant to a credit sale of the land to Mandella by Russo and Cabibi, Mandella executed a promissory note paraphed for identification with the act of credit sale (the note in the record states "Chattel Mortgage"), which provided:
"For value received, I promise to pay to the order of BEARER SEVENTYEIGHT THOUSAND AND 00/100 DOLLARS, with interest from date until paid at the rate of seven (7%) percent per annum, payable at the National Bank of Commerce, Canal Street Branch in 120 installments of $905.66 each on the 15th day of each and every month until paid, beginning on the 15th day of December 15, 1970, until the full amount of this note shall have been paid."
The ten year term of this note was entirely consistent with Mandella's second offer to purchase the property accepted by Russo and Cabibi which stated, "* * * Seven Thousand ($7,000.00) cash; Seventy-eight Thousand & 00/100 Dollars ($78,000.00) payable $905.66 per month for 120 months, including interest @ 7% per annum, interest payable on unpaid balance, vendor to retain a vendor's lien and mortgage." Subsequent to being notified by Russo that he had been delinquent on several occasions on November 1, 1972 Mandella obtained a loan in the amount of $110,000.00 from Mrs. Gardner and Post for which he executed a promissory note secured by a mortgage on the property encumbered by the vendor's lien and mortgage of Russo and Cabibi.
Mandella attempted to prepay all of the principal due on the note and the interest accrued to date, at the designated place of payment, which tender of $67,231.48 was refused by Russo and Cabibi because it was not in accordance with the exact terms of the mortgage note providing $905.66 per month. On November 6, 1972, Mandella, the Gardners and Post filed suit for a declaratory judgment to declare the Russo-Cabibi note paid with $67,231.48 plaintiffs deposited in the registry of Court, and to have the mortgage and vendor's lien in favor of Russo and Cabibi cancelled and erased.
Defendants argue that Mandella could not prepay the note. It is their contention that the term had been stipulated in favor of the creditor and debtor relying on LSA-C.C. Art. 2053 which states:
"The term is always presumed to be stipulated in favor of the debtor unless it result from the stipulation or from circumstances, that it was also agreed upon in favor of the creditor." (emphasis supplied)
After answer was filed, plaintiffs moved for a partial summary judgment relying only on their petition to which were attached a copy of the Russo-Cabibi to Mandella act and act of credit sale and mortgage granted by Mandella in favor of Mrs. Gardner and Post.
In their affidavits in opposition the defendants stated that at the time of the execution of the credit sale they had no intention of allowing Mandella to prepay the note; their purpose in selling the property was to acquire a certain monthly income which could be attributed to an obligation *600 they had incurred at the National Bank of Commerce and such monthly payments would allow them to amortize their profit over the years and prevent excessive income tax. Defendants further stated that though they sent a letter to Mandella, dated October 11, 1971, stating that he was in arrears, no attempt was made to accelerate the payments although both the note and the mortgage contained an acceleration clause, indicating their intention to receive monthly payments only. Defendants also contended that the provision in the mortgage, "This mortgage may not be assumed by any future purchaser without the consent of the vendors," indicated their intention not merely to sell the land, but to have a monthly income as well.
In the alternative, defendants moved for summary judgment alleging that if the contract was conclusive of the parties' rights on its face, then they were entitled to summary judgment as a matter of law since no prepayment provisions were contained in the note.
Plaintiffs filed no opposing affidavits to defendants' alternative motion for summary judgment relying entirely on their motion for summary judgment. Plaintiffs' failure to file affidavits indicates that plaintiff believed that the intentions of the parties did not constitute a genuine issue of material fact. The defendants also filed an exception of no cause and no right of action as to the Gardners and Post which exception was referred to the merits by the trial judge.
The defendants appeal from the lower court's judgment granting plaintiff's motion for partial summary judgment that Mandella had a right to prepay the note together with all interest actually earned thereon at any time.
We reverse and remand. As the record now stands, it does not appear that summary judgment was proper.
The procedure for summary judgment is provided for in the following provisions of the Code of Civil Procedure. Article 966 states:
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law."
Article 967 states:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. * * *"
*601 Summary judgment is only proper if no genuine issue of material fact exists. In their opposition to summary judgment, the defendants clearly showed that a genuine issue of material fact did exist as to the intention of the parties at the time of the execution of the mortgage and credit sale. Evidence as to the intention of the parties is only admissible if the contract is ambiguous or inconclusive on its face. LSA-C.C. Art. 2276 Capizzo v. Traders and General Ins. Co., 191 So. 2d 183 (La.App.3d Cir. 1966) and cases cited therein.
The trial judge found that no genuine issue as to material fact did exist. We determine that by the granting of the plaintiffs' motion for summary judgment the lower court necessarily ascertained that the note and the act of credit sale were clear and conclusive of the parties' rights on its face. The trial judge resolved that defendants' affidavits in opposition to the motion for summary judgment did not create a genuine issue of material fact. This conclusion is not supported by the record.
If the contract was conclusive of the rights of the parties, then the granting of the plaintiffs' motion for summary judgment, as opposed to the defendants, was in error because the contract did not provide for prepayment but stated specifically "120 installments of $905.66 each month." In order to grant the plaintiffs' motion, the trial judge must have concluded that as a matter of law that when a contract is silent on the issue of prepayment a debtor is entitled to prepay. We can find no authority to support this conclusion, and as a matter of law it appears that the opposite conclusion may be correct. See 4 Aubry Et. Rau, Droit Civil Francais § 303 (6th Ed. 1942) in A. N. Yiannopoulos, 1 Civil Law Translations 90 (1965) where it is stated:
"In general, the term is presumed to have been stipulated solely in the interest of the debtor who by renouncing it, may compel the creditor to receive payment before its expiration. Article 1187. [LSA-R.C.C. 2053] This presumption ceases to exist where it is gathered from the terms and nature of the contract or from the circumstances in which has been formed, and of which the judge is the sovereign appraiser, that the term has been stipulated in the common interest of the debtor and the creditor21 or
[n. 21] "Thus, with respect to loan on interest, we may easily admit that the term is stipulated in favor of both the creditor and the debtor. * * *"
only in the interest of the latter. * * *"
We interpret this statement to mean, that although the length of time granted to a debtor for payment is in his favor, the interest itself is for the benefit of the creditor. Mandella tendered the principal balance due plus accrued interest to the date of tender, but not the full amount of interest that would have accrued for the ten year term in favor of the creditor.
The affidavits of defendants state facts which tend to prove that, from the circumstances in which the act of credit sale was formed, the term was also for the benefit of the creditor.
The mover for summary judgment has a heavy burden, and all reasonable doubt as the existence of a genuine issue of material fact must be resolved against him. Latter & Blum, Inc., v. Von Ruekfrang, 249 So.2d 229 (La.App. 4th Cir., 1971). In this case, on the basis of the record, at the very least, there is a reasonable doubt as to the nonexistence of a genuine issue of material fact and the plaintiffs' motion for summary judgment should have been denied.
The referral of defendants' exception of no right and no cause of action to the merits cannot be considered on this appeal from the granting of a motion for partial summary judgment. Further, a judgment overruling an exception of no right or cause of action is interlocutory and unappealable. Rapides Cent. Ry. Co. *602 v. Mo. Pac. R. Co., 207 La. 870, 22 So.2d 200 (1945).
For the foregoing reasons the case is reversed and remanded for proceedings not inconsistent with the views expressed. Plaintiff-appellee is to pay the costs of this appeal.
Reversed and remanded.