340 So.2d 636 (1976)
AMERICAN BANK & TRUST COMPANY, Plaintiff-Appellee,
v.
TIL, d/b/a Spanish Villa Apartments of Monroe, et al., Defendants-Appellants.
No. 13061.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1976.
Rehearing Denied January 10, 1977.
Writ Refused March 11, 1977.
Jerry A. Kirby, Monroe, for defendants-appellants.
Dimos, Brown & Erskine by Donald R. Brown, Monroe, for plaintiff-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied January 10, 1977.
MARVIN, Judge.
Judgment below was in favor of plaintiff bank and against defendants-appellants in a suit on a promissory note. Defendants make no contention of error as to the merits of the case. Instead, defendants contend solely the lower court erred in denying their demands for jury trial. Appellee moves to dismiss the appeal on the grounds that it is untimely as to this sole issue. We agree.
*637 In Windham v. Security Ins. Co. of Hartford, 337 So.2d 577, 579 (La.App. 4th Cir. 1976), demand for jury trial was clearly tardy and was defective for other reasons. The trial court erroneously ordered a jury trial and declined to recall the order after a contradictory hearing. After the jury trial, on appeal from the judgment on the merits, the defendants-appellants attempted to raise the issue of the erroneous granting of jury trial. The court said:
"The contention comes too late. In the interest of judicial economy and fairness, we cannot allow the appellant to abide by the judgment dismissing the motion, try the case to the jury and then, after an adverse verdict and judgment, complain it should not have been tried to a jury. If the bank wished to complain about the ruling allowing jury trial, it should have done so prior to trial either by appeal or by an application for writs. Accordingly, we hold appellant has either acquiesced in that ruling or has effectively waived its right to so complain." 337 So.2d 579. (footnote omitted).
The appeal in this case is from the judgment on the merits of March 31, 1976. Appeals are authorized from specified judgments and are not authorized from reasons assigned by a trial court for rendition of the judgment or for denying or granting a new trial.[1] C.C.P. Arts. 2082, 2083. Cason v. Oglesby, 188 So.2d 718 (La.App. 2d Cir. 1966); Victory Oil Company, Inc. v. Perret, 151 So.2d 565 (La.App. 4th Cir. 1963). Any nonappealable interlocutory orders or judgments rendered during the course of the proceedings may be considered as an assignment of error on the appeal of the final judgment on their merits. C.C.P. 2083.
An interlocutory judgment which may cause irreparable injury is an appealable judgment. C.C.P. 2083. In Guidroz v. State Farm Fire & Casualty Co., 334 So.2d 535, 539 (La.App. 1st Cir. 1976), and in First National Bank of Commerce, New Orleans v. Miller, 328 So.2d 383, 384 (La.App. 4th Cir. 1976), the courts noted that being made to engage in an objectionable trial does not of itself constitute irreparable injury.
The basis for our reversing a lower court in any case is the finding of error (or an accumulation of errors) of such magnitude that the appellant's rights were seriously prejudiced or substantially impaired. These phrases in a broad sense could be interchanged with the phrase, irreparably injured, but we do not assert this as the test for an appealable interlocutory judgment. Each determination of an appealable interlocutory judgment, of course, will have to depend on its own facts. See Comment (a), C.C.P. 2083. In instances where the trial court judgment is reversed on appeal on other grounds and a demand for jury trial has been erroneously granted or denied, certainly the appellate court is authorized to correct, as an interlocutory order, the erroneous disposition of the demand for jury trial. C.C.P. Art. 2164. See Carville v. City of Plaquemine, 303 So.2d 289 (La.App. 1st Cir. 1973).
On an appeal from a final judgment on the merits where the appellant asserts as the only error below the erroneous disposition of a demand for a jury trial, the error as such becomes relatively inconsequential because of the appellate court's constitutional obligation to review both law and facts whether by jury trial or judge trial. La.Constitution 1974, Art. 5 § 10(B). In such cases, if the error as to disposition of the demand for jury trial was of such magnitude that it would warrant reversing the case on this sole ground, the interlocutory judgment under which the error was committed caused irreparable injury at the time it was rendered and therefore would have constituted an appealable interlocutory judgment at that time. If an appeal or application for writs was not timely taken, the disposition of the demand for jury trial need not be considered by the appellate court when the appellant asserts no error as *638 to the judgment on the merits which would warrant reversal of the judgment. The appeal is from the judgment on the merits. This judgment makes no mention of the disposition of appellants' demands for jury trial. Appellant does not assert any error as to the judgment on the merits and we do not find any error in the record of the magnitude which would warrant reversal. C.C.P. 2129.
The error as to disposition of the demand for jury trial, if any, presents nothing for review. As in Windham, it comes too late. In the interest of judicial economy, a litigant, who neither timely appeals nor seeks supervisory writs as as to the disposition below of a demand for jury trial, will not be allowed to raise the issue of erroneous disposition of the demand as the sole grounds for reversing on appeal the final judgment on the merits when the final judgment is timely appealed.
Considering the appeal under these circumstances as a tardy appeal of the judgment denying a demand for jury trial, the motion to dismiss in this respect is granted at appellants' cost.
Considering the appeal as from the judgment below on the merits, this judgment is affirmed at appellants' cost.
NOTES
[1] Appellants sought a new trial below on the grounds that the lower court erroneously denied their demands for jury trial. This is not a mandatory ground for granting a new trial, C.C.P. 1972, but may be a discretionary ground. Appellants' specifications of error do not refer to the denial below of their motion for a new trial.