HALL, Judge.
This suspensive appeal by defendant is from an order denying him a jury trial of all issues in this suit on a continuing guaranty agreement. The trial court’s order, grounded on LSA-C.C.P. Art. 1733(2), limits the issues to be tried by the jury to the pleaded defenses of fraud, error and want or failure of consideration; all other issues to be determined by the judge.
It appearing that the appeal is from an order which is neither a final judgment nor an interlocutory order which may cause irreparable injury, this court notified counsel for appellant to show cause why the appeal should not be dismissed. Counsel responded citing Jennings v. Coleman, 250 So.2d 845 (La.App. 4th Cir. 1971) and Wilson Sporting Goods Co. v. Alwes, 17 So.2d 382 (La.App. 1st Cir. 1944), in which appeals from orders denying jury trials were maintained as causing irreparable injury.
The more recent eases hold that orders denying jury trials are not appealable unless a showing of irreparable injury is made. An appeal from such an order was dismissed ex proprio motu in In re Martin, 361 So.2d 1315 (La.App. 1st Cir. 1978). See also Sonnier v. Gray Tool Company, 359 So.2d 1111 (La.App. 3d Cir. 1978); Millet v. Johnson, 352 So.2d 1301 (La.App. 4th Cir. 1977); Bunkie Bank & Trust v. Avoyelles Parish Pol., 347 So.2d 1305 (La.App. 1st Cir. 1977); Triche v. City of Houma, 342 So.2d 1155 (La.App. 1st Cir. 1977); Guidroz v. State Farm Fire and Casualty Co., 334 So.2d 535 (La.App. 1st Cir. 1976).
Appellant also cites American Bank & Trust Company v. Til, 340 So.2d 636 (La.App. 2d Cir. 1976), writ refused 342 So.2d 1111 (1977), which holds that unless a party either appeals or applies for writs from an order denying a jury trial, the party cannot urge the denial as error on appeal after trial on the merits. That case does not do away with the requirement of a showing of irreparable injury in order to maintain an appeal from an interlocutory judgment. In the absence of a showing of irreparable injury, an application for supervisory writs is the appropriate method to seek discretionary review by the appellate court of an interlocutory order.
No showing of irreparable injury is made in this case. Therefore, on this court’s own motion, the appeal is dismissed.