372 So.2d 577 (1979)
Bobby HUNTER et al., Plaintiffs-Appellants,
v.
HEALTH & SOCIAL & REHABILITATION SERVICESDIVISION OF HEALTH, MAINTENANCE AND AMBULATORY PATIENTS SERVICES, Defendants-Appellees.
No. 13831.
Court of Appeal of Louisiana, Second Circuit.
February 7, 1979.
*578 David A. Rothell, Mansfield, for plaintiffs-appellants.
Cook, Clark, Egan Yancey & King by Herschel E. Richard, Jr., Shreveport, for Louisiana Dept. of Health, Maintenance & Ambulatory Patient Services, a subdivision of La. Health & Human Resources Administration and Francis Everett Brander, individually and representative of Underwriters at Lloyds, London.
Mayer, Smith & Roberts by Alex F. Smith, Jr., Charles L. Mayer, Shreveport, for Continental Casualty Co. & St. Paul Fire and Marine Insurance Co.
Before BOLIN, PRICE, HALL, MARVIN and JONES, JJ.
HALL, Judge.
Defendants filed a motion to dismiss plaintiffs' appeal from an order denying plaintiffs a jury trial. We grant the motion and dismiss the appeal.
On July 23, 1974, the trial judge signed an order for jury trial and fixed the bond at $2,500.00. After some intervening proceedings, plaintiffs in October, 1978 filed a motion to set the jury trial during the month of December. On October 31, 1978 the trial judge signed the following order. "Considering the above and foregoing motion and the court having noted that plaintiff has failed to forward the bond as previously ordered herein; It is ordered that a trial of this matter by jury be denied and that the matter be tried by the court on all issues." On November 2, 1978, plaintiffs filed the jury trial bond and later took this suspensive appeal.
Defendant filed a motion to dismiss the appeal on the grounds that an order denying a jury trial is not appealable, citing Guidroz v. State Farm Fire & Casualty Company, 334 So.2d 535 (La.App. 1st Cir. 1976). Plaintiffs have responded to the motion citing Jobe v. Hodge, 207 So.2d 912 (La.App. 2nd Cir. 1968) rev. on other grounds 253 La. 483, 218 So.2d 566 (1969) in which this court held that an interlocutory order denying a jury trial is appealable. Plaintiffs urge that even if the order is not appealable and application for writs is the proper remedy, this court should go ahead and pass on the correctness of the order since the case is before the court, as was done in Guidroz, supra.
We recently held in Ruston State Bank v. Theodus, 366 So.2d 218 (La.App. 2nd Cir. 1978) that an order denying a jury trial is an interlocutory order which is not appealable absent irreparable injury and that an application for remedial or supervisory writs is the appropriate method to seek discretionary review by the appellate court of such an interlocutory order. A denial of a jury trial does not in and of itself cause irreparable injury.
We note the recent case of Jacobs v. Jacobs, 365 So.2d 25 (La.App. 4th Cir. Nov. 1978) which discusses the standard for determining whether an interlocutory judgment may cause irreparable injury. The court, citing Feitel v. Feitel, 169 La. 384, 125 So. 280 (1929), held that the standard is whether any error in the judgment may be corrected as a practical matter in an appeal following the determination on the merits.
*579 As an illustration, the court noted that if a judgment incorrectly denies a jury trial the aggrieved party cannot obtain practical relief by an appeal following the determination of the merits.
The standard, as this court sees it, is not whether a possible procedural error in the course of litigation in the trial court may be corrected on appeal after trial on the merits, but is whether the procedural error will have such an effect on the merits of the case that the appellate court cannot correct an erroneous decision on the merits. Review and correction of every claimed trial court procedural error by the appeal process is neither desirable nor necessary. The result of that process would be piecemeal appeals and undue delay. For example, in this case and in Ruston State Bank, supra, suspensive appeals were taken which would have resulted in delays of several months if the appeals were allowed. Even if a party is incorrectly denied a jury trial, it does not follow that the outcome of the merits of the case will be different or erroneous. Judges are at least as competent as juries to try cases. Facts and law are subject to appellate review, and errors on the merits may be corrected, whether a case is tried by judge or jury.
The better procedure for review of an order denying a jury trial, and most other orders involving trial court procedure, is by application for supervisory writs. Review is much more expeditious. Stay of trial court proceedings pending the application is within the discretion of the trial court and the court of appeal. Considering the importance and fundamental nature of the right to trial by jury, orders denying trial by jury will be closely scrutinized by the appellate court.
We adhere to our previously expressed opinion that an order denying a jury trial is not appealable absent a specific showing of irreparable injury, and that an application for writs is the appropriate method to seek review. Since the interlocutory judgment in this case is not appealable, this court has no jurisdiction and cannot at this time pass on the correctness of the order denying a trial by jury.
The appeal is dismissed at plaintiffs-appellants' cost.
Appeal dismissed.