MOTION TO DISMISS
DOMENGEAUX, Judge.
Defendant-appellee, St. Paul Fire & Marine Insurance Company, moves to dismiss the appeal of the plaintiff-appellant, Cla-yous Royer, contending that the trial court ruling is a nonappealable interlocutory judgment. We dismiss the appeal.
The plaintiff filed this medical malpractice suit in 1973. In July of 1980, the *937 plaintiff petitioned the court for leave to file a second amended and supplemental petition. After a hearing, the trial court granted the plaintiff’s motion to amend his petition insofar as to increase the amount of damages sued for, but denied the motion as to the additional allegations of negligence. From this judgment, the plaintiff has taken this appeal.
An appeal may be taken only from a final judgment or from an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. Art. 2083. A final judgment is one that determines the merits in whole or in part. A judgment that only determines preliminary matters in the course of an action is an interlocutory judgment. LSA-C.C.P. Art. 1841.
A judgment denying a motion to amend a petition is a preliminary matter and does not determine the merits of a case. In Matte v. Continental Casualty Company, 185 So.2d 842 (La.App. 3rd Cir. 1966) this court held that a judgment striking certain allegations in the plaintiff’s petition is an interlocutory judgment. In Succession of Leland, 295 So.2d 89 (La.1974), the fourth circuit followed Matte, holding that a judgment striking the plaintiff’s amending and supplemental petition was an interlocutory judgment and was nonappealable unless it is of such a nature that it would cause irreparable injury.[1] We therefore hold that a judgment denying the plaintiff’s motion to amend his petition is an interlocutory judgment which, unless the appellant can show that it will cause irreparable injury, is nonappealable.
The standard for determining whether an interlocutory judgment may cause irreparable injury is whether any error in the judgment may be corrected as a practical matter in an appeal following the determination of the merits. Jacobs v. Jacobs, 365 So.2d 25 (La.App. 4th Cir. 1978); Hunter v. Health & Social & Rehabilitation, 372 So.2d 577 (La.App. 2nd Cir. 1979); Cheramie v. Vegas, 385 So.2d 453 (La.App. 1st Cir. 1980). In the instant case, we find no such irreparable injury.
Having found that the judgment appealed from is an interlocutory judgment which will not cause irreparable injury, we dismiss this appeal at the appellant’s costs.

APPEAL DISMISSED.

. The Court in Leland went on to find that irreparable injury would result in that case and allowed the appeal.