401 So.2d 688 (1981)
Oscar SYLVESTER, Jr., Plaintiff-Appellant-Appellee,
v.
ST. LANDRY PARISH POLICE JURY, et al., Defendant-Appellee-Appellant.
No. 8459.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1981.
Fusilier, Pucheu, Soileau & Coreil, C. Brent Coreil, Ville Platte, Fruge & Vidrine, Jack C. Fruge, Sr., Ville Platte, for plaintiff-appellee-appellant.
Morgan J. Goudeau, III by I. Jackson Burson, Jr., Eunice, for defendant-appellant-appellee.
Edwards, Stefanski & Barousse, Nolan J. Edwards, Crowley, for defendant-appellee.
Before DOMENGEAUX, CUTRER and SWIFT, JJ.
DOMENGEAUX, Judge.

MOTION TO DISMISS
Plaintiff-appellee, Oscar Sylvester, Jr. moves to dismiss the appeal of the defendant-appellant, *689 St. Landry Parish Police Jury, contending that the trial court ruling is a nonappealable interlocutory judgment. We dismiss the appeal.[1]
The plaintiff is the owner of a tract of land in the northwest corner of St. Landry Parish. The only access to the tract is a gravel road known as the Oscar Sylvester Road running northeasterly from Louisiana Hwy. 29. On April 2, 1979, the police jury passed a resolution abandoning the Oscar Sylvester Road.
The plaintiff filed suit seeking a declaratory judgment declaring the resolution to be null and void and the road to be a public road. Also made a defendant was Milbert St. Amand, the owner of the land between Louisiana Highway 29 and the plaintiff's land through which the Oscar Sylvester Road runs. Milbert St. Amand granted the plaintiff a right of passage over the road for an annual consideration of $2,500.00. By stipulation of the two parties, a judgment was rendered encompassing the terms of their agreement.
Milbert St. Amand filed a peremptory exception of res judicata based upon the stipulated judgment and it was sustained by the trial court. Subsequently, the police jury filed a peremptory exception of no cause of action. The trial court overruled the police jury's exception of no cause of action. From this judgment, the police jury has taken this appeal.
An appeal may be taken from a final judgment or an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. Art. 2083. A final judgment is one that determines the merits in whole or in part. A judgment that only determines preliminary matters in the course of an action is an interlocutory judgment. LSA-C.C.P. 1841.
A judgment overruling a peremptory exception of no cause of action is a preliminary matter and does not determine the merits of the case. Thus, for a such a judgment to be appealable, the appellant must show it will cause irreparable injury. Dietz v. Eunice-Crowley Oil Co., 193 So.2d 94 (La.App. 3rd Cir. 1966); Lounsberry v. Hoffpauir, 199 So.2d 553 (La.App. 3rd Cir. 1967); Mauterer v. Tilley, 328 So.2d 755 (La.App. 1st Cir. 1976), writ denied, 365 So.2d 245 (La.1978).
The standard for determining whether an interlocutory judgment may cause irreparable injury is whether any error in the judgment may be corrected as a practical matter on an appeal following the determination of the merits. Jacobs v. Jacobs, 365 So.2d 25 (La.App. 4th Cir. 1978); Hunter v. Health & Social & Rehabilitation, 372 So.2d 577 (La.App. 2nd Cir. 1979); Cheramie v. Vegas, 385 So.2d 453 (La.App. 1st Cir. 1980); Royer v. St. Paul Fire & Marine Ins. Co., 393 So.2d 936 (La.App. 3rd Cir. 1981). There is no showing of irreparable injury in this case.
For the above and foregoing reasons, the appeal is dismissed at the appellant's cost.
APPEAL DISMISSED.
NOTES
[1] The plaintiff, Oscar Sylvester, Jr., appealed the judgment of the trial court sustaining defendant's peremptory exception of res judicata. That appeal is not affected by the dismissal of the appeal taken by the St. Landry Parish Police Jury.