478 So.2d 922 (1985)
Mrs. Joyce King PARKERSON, Pamela Swillie Accardo, Rufus Scotty Swillie and Earnest Swillie
v.
Jimmy SWAGGART d/b/a "Jimmy Swaggart Ministries".
No. CA 85 0561.
Court of Appeal of Louisiana, First Circuit.
October 10, 1985.
*923 David W. Robinson, Baton Rouge, for plaintiffs-appellees Mrs. Joyce King Parkerson, Pamela Swillie Accardo, Rufus Scotty Swillie, Earnest Swillie.
Daniel R. Atkinson, Judith Atkinson, Charles S. McCowan, Jr., Baton Rouge, for defendant-appellant Jimmy Swaggart d/b/a "Jimmy Swaggart Ministries".
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Plaintiffs-appellees, Mrs. Joyce King Parkerson, et al, filed a motion to dismiss this appeal on the grounds that "the judgment appealed from is interlocutory from which no appeal lies except on a showing of irreparable injury" and "defendant-appellant has failed to make the requisite showing of irreparable injury."
The surviving immediate members of the family of two deceased persons about whom allegedly untrue and scandalous statements were published in a sermon by defendant Jimmy Swaggart, a Fundamentalist Protestant preacher, sued Swaggart and the corporate entity known as "Jimmy Swaggart Ministries". They alleged three causes of action, namely, defamation of the deceased persons, invasion of plaintiffs' privacy, and intentional infliction of emotional distress on plaintiffs. Swaggart filed a Peremptory Exception of No Cause or Right of Action which simply states that the allegations of plaintiffs' petition "fail to state a cause or right of action on behalf of the plaintiffs."
A hearing on the exception was held August 17, 1984 and the matter was taken under advisement. The trial judge rendered written reasons for judgment on February 14, 1985, overruling defendants' exception, reasoning, in pertinent part, that:
The plaintiffs ... have failed to state a cause of action under existing Louisiana law for defamation [of their deceased relatives] because [they] ... were deceased at the time the defamatory statements allegedly were made....
This determination notwithstanding, the Court finds that the petition does state a cause of action and a corresponding right of action in each plaintiff for invasion of privacy and intentional infliction of emotional distress....
... In light of the requirement that pleadings are to be liberally construed in order to achieve substantial justice, the Court should overrule an exception of no cause of action when it can reasonably do so in order to afford a litigant an opportunity to present his evidence....
The Court is fully aware that in order to support a cause of action for intentional infliction of emotional distress, the *924 conduct complained of must be outrageous.... It is the opinion of this Court that when all the factual allegations of the petition are taken as true, defendants' actions in this case reasonably could be interpreted as outrageous. This determination is made for the limited purpose of deciding these exceptions and does not reflect the Court's opinion of what the evidence at trial may or may not prove.
Considering the foregoing reasons ..., it would seem that the appropriate ruling... would be to maintain defendants' exceptions of no cause and no right of action as to the defamation claim and overrule the exceptions as to the claims for invasion of privacy and intentional infliction of emotional distress. However,... a concern that the granting of a partial no cause or right of action will lead to piece-meal litigation on appeal, compel[s] this Court to overrule completely the defendants' exceptions.... As noted at page 1353 of the Cenac decision [413 So.2d 1351 (La.App. 1st Cir. 1982)], ... "The effect of sustaining a peremptory exception is that the action shall be dismissed, not that part of the action shall be dismissed. La.C.C.P. Art. 934 ..." (Brackets supplied.)
Judgment dismissing the exceptions was signed February 28, 1985 and a devolutive appeal therefrom was granted March 29, 1985. The petition for devolutive appeal stated, inter alia, as follows:
... this Interlocutory Judgment overruling his Peremptory Exceptions may cause irreparable injury to defendant within the meaning of [C.C.P. art.] 2083, in that this ongoing litigation continues to have serious effects and consequences on defendant's reputation, both professionally and personally, in the community, and have caused defendant considerable mental and emotional anguish, and resolution of these Exceptions in favor of defendant would have the effect of ending the ongoing and continuing damage to defendant's reputation; moreover, the issues ... if resolved in favor of defendant, would terminate the entire litigation without the necessity for further proceedings which ... may be irreparably injurious to defendant and to his standing in the community.
Defendants' opposition to the Motion to Dismiss Appeal is based on their assertions that: (1) the injury to the individual and corporate ministries "continues as this suit continues"; (2) the evangelist's "ability to act as a spiritual leader and counselor suffers and is adversely affected as a result of this litigation"; (3) "Every time something happens in connection with this suit, there is resulting publicity, both in the newspapers and on television"; (4) how the evangelist and his corporate ministries "are perceived by the public ... is of the utmost importance to Reverend Swaggart in his ministry ... [and his] credibility and reputability as a man of God, as a man of honor, as a man of good repute, must be ... beyond reproach or stigma"; and (5) his "reputation in the community ..., his ability to function as a spiritual leader and adviser are all affected and impaired by the continuation of this suit against him."
Plaintiffs-appellees argue, in support of their motion to dismiss appeal, that appellants' "allegations are insufficient to constitute irreparable injury under Louisiana law" and that the standard for determining whether an interlocutory judgment may cause irreparable injury "is whether any error in the judgment may be corrected as a practical matter on an appeal following the determination of the merits," citing Sylvester v. St. Landry Parish Police Jury, 401 So.2d 688 (La.App. 3rd Cir.1981) and the cases cited therein. Plaintiffs-appellees-movers additionally argue that if considerations such "as continuing anxiety over the litigation, emotional damage because of the threat to reputation, or time and expense involved in a trial on the merits, were proper in determining whether an appeal should lie from an interlocutory judgment, practically all interlocutory rulings could be appealed prior to a final judgment, ..., thus thwarting the purpose of the statute to avoid impairment of appellate efficiency by piecemeal appeals," citing *925 Trice v. Simon, 233 So.2d 609, 611 (La. App. 3rd Cir.1970).
A judgment which dismisses a peremptory exception of no right or cause of action is an interlocutory judgment. Mauterer v. Tillery, 328 So.2d 755 (La.App. 1st Cir.1976), writ denied 365 So.2d 245.
It is well settled that the inconvenience and expense involved in a litigant's having to answer and defend a lawsuit, as a result of a trial court's refusal to sustain exceptions, do not constitute irreparable injury so as to support appeal from such a judgment prior to rendition of judgment on the merits. Rapides Central Ry. Co. v. Missouri Pacific Ry. Co., 207 La. 870, 22 So.2d 200 (1945); Yeager v. Baton Rouge General Hospital, 469 So.2d 47, 49 (La.App. 1st Cir.1985); Smith v. Hartford Accident and Indemnity Company, 195 So.2d 743 (La.App. 1st Cir.1967); Wallace v. Pan American Fire & Casualty Co., 386 So.2d 158, 163 (La.App. 3rd Cir.1980); Green v. New Orleans Public Service, Inc., 194 So.2d 398 (La.App. 4th Cir.1967); Shaw v. Garrett, 295 So.2d 897, 899 (La.App. 2nd Cir.1974); and Trice v. Simon, supra.
In Trice v. Simon, supra, plaintiff appealed the District Court's judgment overruling his motion to remove the court-appointed liquidator of a dissolved law partnership, arguing that the cost to inventory each of the pending contingency fee cases "is a useless expense" and even though the quantum meruit portion of the lower court's ruling could be reversed on appeal, "the parties taking the inventory will have to be paid, thereby depleting partnership funds and irreparably harming plaintiff." In granting the motion to dismiss appeal, the Court reasoned, in pertinent part, as follows:
... [Plaintiff] merely shows that there is an expense incurred, which, if the trial court is wrong, will ultimately be useless. But many cases have interlocutory rulings and judgments involving some expense which may later be deemed incorrect or irrelevant by the appellate court. Such expenses, however, are not considered to be irreparable injury within the contemplation of ... Article 2083.... If it were considered so, almost all interlocutory rulings could be appealed prior to a final judgment; ... This is the very problem that ... Article 2083 is designed to prevent. Therefore, inventory expenses incidental to the litigation of this case in the trial court is not considered irreparable injury.
233 So.2d at 611. (Brackets supplied.)
No one will seriously argue that being named as a defendant in a highly publicized lawsuit because of some act of omission or commission greatly enhances one's "credibility and reputability" or the ability to continue to function in a chosen field of endeavor, whether it be as a "spiritual leader and adviser" or as an ordinary mortal such as a lawyer, accountant, or other business or professional person. Likewise, no one will welcome being named as a defendant in a lawsuit to build up their self-esteem or mental and emotional health. People are accountable for their actions; sometimes accountability necessitates the expenditure of funds, possibly to such an extent their assets will be depleted, to defend or explain their actions; sometimes accountability means that litigation potentially may blacken "the white flower of a blameless life" [Tennyson, Idylls of the King] or at least tarnish the defendant's image. However, that is one of the prices for living in a free society. None of the foregoing prices of accountability can be deemed irreparable injury for purposes of C.C.P. art. 2083. We hold that potential damage to one's "credibility and reputability." impairment of effectiveness as a spiritual leader and adviser, and mental and emotional anguish which a defendant may experience by being required to "face the music" by having his alleged tortious acts scrutinized in a trial on the merits, do not constitute "irreparable injury" within the purview of C.C.P. art. 2083. Yeager v. Baton Rouge General Hospital, supra, at 49, and cases therein cited.
For the foregoing reasons, defendants-appellants' appeal is dismissed and this case is remanded to the District Court for *926 expeditious trial on the merits. Defendants-appellants, Jimmy Swaggart and Jimmy Swaggart Ministries, are cast for all costs of this appeal.
APPEAL DISMISSED AND CASE REMANDED FOR TRIAL ON THE MERITS.