277 So.2d 483 (1973)
Gerald L. HARRIS
v.
PATENT SCAFFOLDING COMPANY et al.
No. 9313.
Court of Appeal of Louisiana, First Circuit.
April 24, 1973.
Rehearing Denied May 31, 1973.
A. G. Seale and Ken Barnette, Seale, Smith, Phelps, Baton Rouge, for defendant-appellant Pacific Signal Ins. Co. and Sky Climbers, Inc.
John I. Moore and Wm. L. Wilson, Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendants-appellees Travelers Ins. Co., Patent Scaffolding, and others.
H. Alva Brumfield, Jr., and H. Alva Brumfield, III, Baton Rouge, for plaintiffs-appellees.
Before LOTTINGER, ELLIS, and CRAIN, JJ.
*484 ELLIS, Judge:
This case, which is consolidated with cases Nos. 9314, 9315, 9316, and 9317, is for damages for personal injuries suffered by plaintiff when a scaffold on which he, and the various plaintiffs in the other cases, were standing, fell. Defendants are Patent Scaffolding Company, Harsco Corporation, Patent's parent firm; Travelers Indemnity Company, Patent's insurer; Sky Climber, Inc., Pacific Signal Insurance Company, its insurer; Jack Markham, Felix Hatch and Travelers Insurance Company, which allegedly insured Markham and Hatch. Sky Climber third partied Patent and Travelers, and the latter in its capacities as insurer of Patent, Markham and Hatch.
After trial on the merits, judgment was rendered in favor of all plaintiffs and against Sky Climber and Pacific. The main demand was dismissed as to all other defendants, and the third party demand was also dismissed. Thereafter, Sky Climber and Pacific settled with all plaintiffs, but appealed the judgments as to Patent, Harsco, Travelers, Markham and Hatch.
Sky Climber is the manufacturer of an electric hoist, which is used to raise and lower scaffolding. Patent holds the dealer franchise for the sale of the units in Southeast Louisiana. The contract between the parties provides that the units would be sold to Patent at 25% less than list price, with payment to be made within 30 days of shipment. The contract also contains the following provisions:
"Dealer agrees that it will adequately instruct, and otherwise inform its customers in the use of the Sky Climber, attachments and/or accessories to enable said customers to operate this equipment properly in a safe manner."
"The Company shall not be liable for contingent or consequential damages nor shall the Company be liable for any damages arising out of or by reason of faulty, improper, or negligent use of the equipment."
The Sky Climber units in this case were sold to Foster and Creighton Company, the prime contractor for the construction of the Interstate Highway 10 bridge over the Mississippi River at Baton Rouge, Louisiana. The sale was negotiated by William Hilger, regional sales manager for Sky Climber. Mr. Hilger also supervised the assembly of the scaffold and the units when they were delivered, and gave instructions for the use thereof to Foster and Creighton personnel, including Felix Hatch, the cement finisher foreman who supervised the crew which used the equipment. No personnel from Patent were involved in either the negotiations, the sale, the assembly, or the instructions in the use of the equipment. Patent did, however, finance the sale, because Sky Climber did not have the facilities to handle it, and received its 25% commission on the sale.
The negligence on the part of Sky Climber found by the trial court was the failure of Mr. Hilger to give the proper instructions for the tightening of certain clamps which held the wire ropes supporting the scaffolding. The accident happened when one of the ropes slipped from the clamps holding it, and the scaffold fell.
In brief, Sky Climber divides its appeal into two aspects, both under its third party demand. The first is against Patent under the dealership contract, and the second is a claim of executive liability on the part of Jack Markham, the general superintendent on the job for Foster and Creighton, and Felix Hatch.
As to Patent, Sky Climber claims that the contract provision first quoted above places the responsibility for instruction in the use of the Sky Climber units on Patent. This would, of course, be true had Patent in fact installed the units in this case. The record shows, however, that Sky Climber's representative, William Hilger, actually did the installation and gave the instructions for use. He did this because Patent did not have sufficient personnel to handle this installation, and another being *485 made in the New Orleans area on the same day. Having assumed the responsibility, Sky Climber cannot evade the liability on the basis of the quoted provision.
It is also claimed that the second paragraph hereinabove cited is a hold harmless agreement, by Patent, in favor of Sky Climber. It cannot be construed, however, so as to relieve Sky Climber of the consequences of its own negligence. There being no other basis alleged for the liability on the part of Patent, we hold that the third party petition is without merit as to it.
With respect to the alleged liability of Jack Markham and Felix Hatch, the record shows that Mr. Markham was Foster & Creighton's superintendent for the construction of the bridge and its approaches, and, as such, had complete responsibility for the job. He had 100 to 125 men working under him. Felix Hatch was a cement finisher foreman, hired from the union hall for this job only. He was the direct supervisor of the men who were injured. He was one of the men who were instructed in the use of the Sky Climber equipment by Mr. Hilger.
Mr. Markham was present when the equipment arrived, but was not among those who were instructed in its use by Mr. Hilger. His negligence and that of Mr. Hatch is alleged to be their failure to instruct their men properly in the use of the equipment, and particularly in the tightening of the bolts on the clamps holding the wire rope.
The testimony in the record reveals that if the clamps are properly tightened initially, there is no necessity for any further tightening thereof, and that no inspection other than a visual inspection need be made. The trial judge concluded that the rope slipped because the bolts were not properly tightened initially and that the bolts were not properly tightened because Mr. Hilger failed to give the proper instructions.
It is Sky Climber's contention that their maintenance instructions were adequate, that Mr. Markham and Mr. Hatch were aware of them, or should have been; that they both had independent knowledge relative to maintenance of scaffolding and its appurtenant equipment, including tightening the clamp bolts which slipped; and that they were negligent in failing to so instruct and supervise their men relative to the use thereof and thereby failed to provide a safe place to work.
We cannot agree with this contention. As a matter of fact, the maintenance instructions are general in nature and do not cover the specific matter of the clamps and their bolts. The only maintenance suggested by the experts is a periodic visual inspection, which could not have revealed that the bolts were not properly tightened initially. There is no showing that such inspections were not carried out.
The record further shows that Mr. Markham delegated the responsibility for supervising the cement finishers and their operation to Mr. Hatch. It is not suggested that Mr. Hatch was not a competent and responsible foreman. As we said in the recent case of Johnson v. Schneider, 271 So.2d 579 (La.App. 1 Cir. 1972):
"We are cognizant of the circumstance that, in general, especially in the case of large corporations, the employer's duty to provide a safe place to work is normally delegated along a chain of command. A superior who delegates such an obligation to a competent and qualified subordinate thereby avoids liability for breach of the duty except in those instances where the superior knew or, by the exercise of reasonable care, should have known of the breach by the subordinate and failed to act within a reasonable time under the circumstances."
There is no evidence to show that Mr. Markham had any specific knowledge of the existence of a dangerous or hazardous condition, or that he failed in any other duty which he owed to the plaintiffs herein. We agree with the holding of the trial court *486 that Mr. Hatch was not an executive of Foster and Creighton, and, in any event, we find no negligence on his part.
The other specifications of error raised by Sky Climber relate to the main demand, rather than the third party demand. Since there is no appeal as to plaintiffs, there is no necessity for us to decide these points.
The judgment appealed from is therefore affirmed, at appellants' cost.
Affirmed.