SARTAIN, Judge.
In this suit John W. Cadle and his wife seek recovery for alleged redhibitory defects in a house purchased by them from McNemar Construction Co., Inc. (McNemar) by act of sale dated July 30, 1969. The house is located on Lot 917, Sherwood Forest Subdivision, Ninth Filing, Section Two. The defects allegedly arose from the construction of the house on top of a slough or drainage ditch which had been filled with organic or compactible material. McNemar filed a third party demand against East Glenhaven, Inc., the subdivider who had sold the lot to McNemar by act of sale dated December 17, 1968. This demand againt East Glenhaven, Inc. is based upon allegations to the effect that East Glenhaven, Inc. sold the lot to McNemar knowing that a drainage ditch. or slough running through the subdivision and across this particular lot had been filled with organic material during the subdivision work. McNemar claims that when this material deteriorated it caused the subsoil on the lot to move and thus caused the foundation of the home to crack.
East Glenhaven, Inc., after filing exceptions, answered this third party demand denying liability and asserted a third party demand against Barber Brothers Contracting Company, Inc. (Barber Brothers) and Edward E. Evans and Associates, Consulting Engineers (Evans & Associates). East Glenhaven, Inc. alleged that if organic matter or fill material was actually placed on the lot in question, then it was placed there by Barber Brothers with whom East Glenhaven, Inc. had contracted to construct the streets, drainage and sewer facilities in the subdivision. East Glenhaven, Inc. based its demand against Evans & Associates on allegations that Evans & Associates was hired to lay out, survey and supervise the construction of the subdivision and thus any improper filling was done by Barber Brothers at the direction of Evans & Associates or because of Evans & Associates’ lack of proper inspection.
Motions for summary judgment were filed by East Glenhaven, Inc. against McNemar, by Barber Brothers against East Glenhaven, and by Evans & Associates against East Glenhaven.
East Glenhaven, Inc. filed in support of its motion for summary judgment an affidavit by Holt B. Harrison, an officer of *836 East Glenhaven, Inc. In this affidavit Mr. Harrison states from his own personal knowledge that no one on behalf of East Glenhaven, Inc. ever placed any fill on Lot 917 from the date of acquisition of the property by East Glenhaven, Inc. to the date it was sold to McNemar. According to Mr. Harrison, East Glenhaven, Inc. did no work on the property from the date of acquisition until the date of sale “ . except such work as was done by Edward E. Evans & Associates, Inc. and Barber Brothers Construction Company.” In addition, Mr. Harrison incorporates by reference into his affidavit the affidavits of Edward E. Evans, A. L. Barber, and P. J. LeBlanc, Jr. to the effect that no debris was burned and no clearing or filling was done on the lot in question.
In opposition to the motions for summary judgment McNemar filed affidavits of Roy L. Johnson and Gordon T. Boutwell, Jr., both employees of Etco Engineers & Associates, who stated that they made subsoil investigations of the property in April of 1971. They stated that the investigations revealed organic fill material such as ashes and wood at various levels on the lot. Mr. Boutwell also stated that his examination of 1963 topographic maps of the area showed a slough at this location and he concluded that the fill he found in the subsoil must have been placed on the lot sometime between the years 1963 to 1971. McNemar also filed the affidavit of Mr. Harold L. McNemar, its president, who stated that no fill was placed on the lot by McNemar either prior to or during the construction of the residence. Mr. McNemar also states that whatever fill was placed on the property must have been placed there by East Glenhaven, Inc. or its agents or employees, particularly Barber Brothers.
In support of its motion for summary judgment Barber Brothers filed affidavits of Mr. B. L. Barber, president of Barber Brothers, and Mr. P. J. LeBlanc, Jr., president of Pearce and LeBlanc, Inc., a local contracting firm. In his affidavit Mr. Barber stated that Barber Brothers entered into a contract with East Glenhaven, Inc. on September 21, 1966 for the construction of streets, drainage and sanitary sewer facilities in the subdivision in which Lot 917 is located. Mr. Barber stated that according to the plans and specifications provided by Evans & Associates no placement of fill or clearing operations was called for on the individual lots. According -to Mr. Barber no fill or burned material was placed on Lot 917 and no clearing was done on said lot by Barber Brothers nor any of its subcontractors or employees.
Mr. P. J. LeBlanc, Jr. stated that Pearce & LeBlanc, Inc. entered into an agreement with Barber Brothers for the clearing of rights of way in the subdivision. Pearce & LeBlanc, Inc. did clear the rights of way but Mr. LeBlanc stated that the debris remaining from the clearing operations was either burned in the rights of way or hauled away by truck. Mr. LeBlanc further stated that no filling or clearing of individual lots was done and that no debris was placed or burned on Lot 917.
Evans & Associates, in support of its motion for summary judgment filed the affidavit of its president, Mr. Edward W. Evans. Mr. Evans stated that during 1966 Evans & Associates prepared the plans and specifications for the construction of streets, drainage and sanitary sewer facilities for the subdivision. In preparation of these plans certain surveys and topographical maps were made which according to Mr. Evans show that prior to the commencement of any construction work the elevation of that portion of Lot 917 upon which the Cadle home was subsequently built was between contour elevations of 41 and 42 feet. The plans and specifications did not call for any fill material or clearing operations to be conducted on Lot 917 and Mr. Evans stated that from his personal observations during construction of the streets, drainage and sewer facilities, no fill material was placed on the lot in question. Mr. Evans also stated that Evans & Associates was not obligated to *837 make a study of the subsoil conditions under Lot 917 under its agreement with East Glenhaven, Inc. and Mr. Evans further stated that at the time Barber Brothers completed the work that portion of Lot 917 upon which the home was later built remained in its natural state undisturbed by any construction activity.
No affidavits, depositions, or other documents were filed by East Glenhaven in opposition to the motions and affidavits filed by Barber Brothers and Evans & Associates.
We quote the following pertinent portion of the trial judge’s written reasons for judgment:
“The affiants for McNemar were Roy L. Johnson and Gordon P. Boutwell, Jr. who declared that they are employees of Etco Engineers & Associates and that they made a subsoil investigation of the property in question in April of 1971. Their investigation revealed that the ground had been filled with organic material such as ashes and wood. Boutwell also declared that he examined 1963 topography maps of this area which showed a slough at this location. Therefore, it was concluded that the fill described above must have been placed on the lot sometime between the years 1963 and 1971.
“CCP Article 967 states in pertinent part:
“ ‘When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial.’
McNemar’s affidavits do not affirmatively show that there is a genuine issue of material fact as to the third party demand between East Glenhaven on the one hand and Barber Brothers and Evans & Associates on the other. The affidavits do affirmatively show that a fill was made between 1963 and 1971. But there is no affirmative showing that Barber Brothers or Evans & Associates were in any way responsible for it. Therefore, the motions by Barber Brothers and Evans & Associates must be granted and East Glenhaven’s third party demand against them thereby dismissed.”
Counsel for third party plaintiff, East Glenhaven, Inc., assigns two specifications of error:
“1. The trial court erred in holding that there was no genuine issue of material fact and that Barber Brothers and Edward Evans were entitled to judgment as a matter of law.
“2. Alternatively, the trial judge erred in failing to grant a new trial because of newly discovered evidence.”
Appellant’s principal argument is that if the trial judge could find a genuine dispute as to a material issue of fact, i. e., whether there was compactible material placed on Lot 917 based on the affidavits of Messrs. Johnson and Boutwell, then the trial judge should have considered these affidavits in determining the merits of Barber Brothers and Evans & Associates motion for summary judgment against East Glenhaven, Inc. In other words, if the presence of compactible material on Lot 917 is at issue, and the inference being that East Glenhaven, Inc. placed the material on the lot, then of equal significance is the affidavit of Mr. Harrison that they did not place this material on the lot, then it could be reasonably inferred that Barber Brothers and/or Evans & Associates caused or permitted the material to be placed on Lot 917. To this end, counsel for East Glenhaven, Inc. urges very strongly that the affidavits of Messrs. Johnson and Boutwell, though not filed by it, were in the record and should have been considered by the trial judge.
On the other hand, counsel for Barber Brothers and Evans & Associates asserts *838 that these various causes “by each of the parties hereto against the other must be clearly defined.”
In brief they state:
“Appellant, East Glenhaven, filed a motion for summary judgment as to the cause of action filed against it be Mc-Nemar. Along with the motion for summary judgment, East Glenhaven filed a supporting affidavit as to McNemar. McNemar, in turn, filed affidavits and an exhibit in the nature of an engineering report, in opposition to East Glen-haven’s motion for summary judgment.
“Appellee, Barber Brothers, filed a motion for summary judgment against the claims of East Glenhaven, together with two supporting affidavits. No one filed affidavits in opposition to the motion for summary judgment filed by Barber Brothers. The affidavits and exhibits filed by McNemar cannot be said to be in opposition to Barber Brothers because the motion for summary judgment had no effect as to McNemar. In fact, no issues or contentions in the third party demand of McNemar or in the motion for summary judgment filed by East Glenhaven against McNemar are presently before the Court. The denial of the motion for summary judgment filed by East Glenhaven against McNemar has not been appealed. The judgment appealed from is only between East Glenhaven and Barber Brothers.
“It must necessarily follow then, that the only issue involved in this particular appeal is what took place between Barber Brothers and East Glenhaven.”
It appears to us at this juncture that both motions for summary judgments relate to the presence of compactible material on Lot 917 and requires a determination of (1) whether compactible material was on Lot 917, and (2) who put it there.
The tiral judge declined to grant East Glenhaven, Inc.’s motion for summary judgment based on the affidavits of Messrs. McNemar, Johnson and Boutwell notwithstanding the affidavits of Mr. Harrison that East Glenhaven did not place the material on the lot. If these affidavits were sufficient to raise a genuine dispute between these two parties, then, the logical inference, is that Barber Brothers and/or Evans & Associates may also have some responsibility.
It is readily conceded that the authorities cited by appellees support the facts therein presented. However, the facts presented in the instant matter, which is incidental to the main demand, are different from those upon which the cited authorities are based. No case has been cited and our research has failed to provide one where an opponent to a motion for summary judgment has endeavored to use the countervailing affidavit of another, when the opponent has failed to incorporate that affidavit in his own response. Such affidavit, when made a part of the record, just as depositions or answers to interrogatories, should be considered, for to hold otherwise, in our opinion, would place an unwarranted restrictive interpretation on C. C.P. Arts. 966 and 967.
In Domingue v. Independent, Inc., 248 So.2d 608 (3rd La.App.1971) the court stated:
“The principles of law applicable to motions for summary judgment are found in the case of Fontenot v. Aetna Insurance Company, 225 So.2d 648 (La.App. 3 Cir. 1969), at page 651, to-wit:
“ ‘Summary judgments may be granted when the pleadings, depositions, interrogatories, admissions, and affidavits show there is no genuine issue as to material facts. LSA-C.C.P. Art. 966. However, the summary judgment remedy is not a substitute for a trial where there is a genuine issue of material fact which must be resolved.
“ ‘In passing upon a motion for summary judgment, the function of the court is not to determine the merits of *839 the issues raised, hut rather only to determine whether or not there is a genuine issue of material fact. To obtain a summary judgment it is not sufficient to prove that it is unlikely that the plaintiff may recover, nor that the showing then made preponderantly indicates there is no liability. The burden of showing that there is not a material factual issue is upon the mover for summary judgment. All doubts are to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. See: Kay v. Carter, et al., 243 La. 1095, 150 So.2d 27; Roy & Roy v. Riddle, La.App. 3rd Cir., 187 So.2d 492; Green v. Southern Bell Tel. & Tel. Co., La.App. 3rd Cir., 204 So.2d 648.'”
The affidavits of Messrs. Mc-Nemar, Johnson and Boutwell raise a genuine issue as to a material fact and for this reason the motion for summary judgment filed by Barber Brothers and Evans & Associates should have been denied.
Because of the disposition made by us relative to the motion for summary judgment, it is not necessary to discuss the remaining objections raised by the appellant involving a consideration of the hold harmless clause in the Barber Brothers contract and the refusal of the trial judge to grant appellant a new trial on the motion itself.
Accordingly, for the above reasons the judgment of the District Court sustaining the motion for summary judgment in favor of third party defendants, Barber Brothers and Evans & Associates, and against third party plaintiff, East Glenhaven, Inc., is reversed and set aside and this matter is remanded to the District Court for a trial on the merits. The cost of this appeal is to be borne by Barber Brothers and Evans & Associates. All other costs are to await a final determination on the merits.
Reversed and remanded.