289 So.2d 545 (1974)
Elwood J. ABSHIRE, Plaintiff-Appellant,
v.
HARTFORD ACCIDENT & INDEMNITY INSURANCE COMPANY et al., Defendants-Appellees.
No. 4357.
Court of Appeal of Louisiana, Third Circuit.
January 25, 1974.
Rehearing Denied February 25, 1974.
Writ Refused April 11, 1974.
*546 Plaisance & Franques, by A. J. Plaisance, Lafayette, for plaintiff-appellant.
Voorhies & Labbe, by Richard D. Chappuis, Jr., Lafayette, for defendants-appellees.
Welton P. Mouton, Jr., Lafayette, for defendants-appellees.
Davidson, Meaux, Onebane & Donohoe, by Robert L. Cabes, Lafayette, for Intervenor-appellee.
Cooper & Sonnier, by Silas B. Cooper, Abbeville, for defendant-appellee.
Bean & Rush, by Warren D. Rush, Lafayette, for defendant-appellee.
Before FRUGÉ, SAVOY and PONDER, JJ.
PONDER, Judge.
This suit for personal injuries sustained by plaintiff, Elwood Abshire, was originally instituted in the Nineteenth Judicial District Court for East Baton Rouge Parish. Under the provisions of LSA-C.C.P. art. 123, it was transferred to the Fifteenth Judicial District Court. The following parties were made defendants: Hartford Accident & Indemnity Company, National Fire & Marine Insurance Company, Horace B. Rickey, Inc., University Place Apartments, Inc., Horace B. Rickey, Jr., Frank Tong and Doris LeBlanc. On motion *547 of plaintiff, the action against Horace B. Rickey, Inc., was dismissed.
Insurance Company of North America filed a petition in intervention, alleging a preference and priority to any amounts received by the original plaintiff.
Hartford Accident & Indemnity Company, Horace B. Rickey, Jr., and Horace B. Rickey, Inc., filed third party demands against Aristile LeBlanc & Son, Inc., who was plaintiff's employer, and who was a subcontractor of Horace B. Rickey, Inc. No judgments were rendered on the third party demands, and they are not before this court for review.
Horace B. Rickey, Jr., his insurer, Hartford Accident & Indemnity Company, Doris LeBlanc, and his insurer, National Fire & Marine Insurance Company, filed exceptions of no cause or no right of action and motions for summary judgment. In addition, Doris LeBlanc, Aristile LeBlanc & Son, Inc., and National Fire & Marine Insurance Company filed an exception of res judicata.
The trial judge sustained the exceptions of no cause and right of action and the motions for summary judgment filed by Doris LeBlanc, National Fire & Marine Insurance Company, Horace B. Rickey, Jr., and Hartford Accident & Indemnity Company; he also sustained the exceptions of res judicata filed by Doris LeBlanc, Aristile LeBlanc & Son, Inc., and National Fire & Marine Insurance Company. He rendered judgment accordingly in favor of these defendants, and against the original plaintiff and the plaintiff in intervention. Only the plaintiff has appealed.
The issues before us are whether plaintiff has stated a cause of action in his petition, whether res judicata was correctly applied and whether summary judgment was correctly granted.
Horace B. Rickey, Inc., was the general contractor for an apartment complex in Lafayette, Louisiana. Aristile LeBlanc & Son, Inc., was hired as the mechanical subcontractor for this job and plaintiff worked as a journeyman plumber for the latter.
Immediately prior to the accident, plaintiff had been working on the third floor of the complex and was descending some stairs. As he stepped on a temporary floor or landing located midway between the second and third levels of the building the board gave way under his weight, and he fell approximately one and one-half floors to the ground.
Plaintiff alleges that the landing gave way due to a defective board that was used in its construction; that the landing was built under the exclusive supervision and control of the supervisors and/or stockholders of Horace B. Rickey, Inc., whom he named as Horace B. Rickey, Jr., and Frank Tong, and that these men were negligent in failing to inspect the board used, or if they did inspect them, in negligently using the defective board. He further alleged that:
"Doris LeBlanc, who is a stockholder and/or supervisor of Aristle (sic) LeBlanc & Son, Inc., had the duty to inspect the premises where employees of Aristle (sic) LeBlanc & Son, Inc. were working in order to be certain that such premises were safe for employees of the said corporation, and he was negligent in either failing to inspect, or if he did inspect, failing to properly inspect, the flooring, landing or walk-way through which petitioner fell."
The very recent decision of Canter v. Koehring Company, 283 So.2d 716 (La. 1973), is very pertinent to the decision of this case. Applying the duty-risk approach, the court recognized that a defendant may be liable to a third person (including a co-employee) for the breach of a duty which is imposed by reason of an employment or agency relationship when the breach of duty serves to subject a person whom the duty was designed to protect to a reasonably foreseeable risk of harm. See also: Smolinski v. Taulli, 276 So.2d *548 286 (La.1973); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Pierre v. Allstate Insurance Co., 257 La. 471, 242 So.2d 821 (1971); Turner v. Caddo Parish School Board, 252 La. 810, 214 So.2d 153 (1968). See also Restatement of Torts, Second, Sections 282, 284, 343 (1965).
However, the court recognized certain previously established[1] criteria for imposing individual liability which are:
"1. The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach of which has caused the damage for which recovery is sought.
"2. This duty is delegated by the principal or employer to the defendant.
"3. The defendant officer, agent or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstanceswhether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
"4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm." Canter v. Koehring Company, supra.
We construe plaintiff's petition to allege that Rickey and LeBlanc have breached an employment-imposed duty to provide a safe place to work. LSA-R.S. 23:13. The exceptions of no cause of action were based upon the contentions that the duty alleged to be violated was one owed solely to the corporation giving rise to no liability to the injured plaintiff. The Supreme Court in Canter v. Koehring, supra, considered this contention and expressly disapproved those cases following that line of jurisprudence. The exceptions of no cause of action therefore should have been overruled.
The granting of a motion for summary judgment requires a finding by the court that there are no genuine issues of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Plaintiff contends that there is a genuine issue of fact as to whether or not Doris LeBlanc and/or Horace B. Rickey, Jr., were supervisors on the construction site where plaintiff was injured. Defendant *549 maintain that the evidence which consisted of their affidavits, plaintiff's deposition and a counter affidavit reveals no factual issues.
The affidavit of Horace B. Rickey, Jr., states that as the president of Horace B. Rickey, Inc., he is involved in the general management of the corporation, including the shaping of policies, but has not been delegated any supervisory responsibility with regard to any particular project of the corporation. He states that Frank Tong was the job superintendent of the project on which plaintiff was injured; that Tong, who is experienced in this sort of work, had sole responsibility for construction of the apartments and for the practice of safety procedures on the job. Rickey also states that he was not on the job at the time of the accident, and that prior to the accident he neither saw nor was told of any defects in the construction of the floor or landing through which plaintiff fell.
Doris LeBlanc in his affidavit, similar to that of Horace B. Rickey, Jr., stated that he is the president and sole owner of Aristile LeBlanc & Son, Inc., that Sidney Louviere was the foreman and supervisor on the job site where plaintiff was injured, and that Louviere had been delegated responsibility for supervision of the general day-to-day operation. The affidavit further reveals that affiant's corporation did no work on any stairways, stairwells or platforms, including the structure through which plaintiff fell. Finally, LeBlanc stated that he visited the construction area about once each week for about fifteen to twenty minutes, he was not at the job site at the time of the accident, he had no personal knowledge of how it occurred, and he was never told of the danger that existed on the stairway.
Plaintiff states in his deposition that he took his orders from Sidney Louviere, who was the foreman on the job for Aristile LeBlanc & Son, Inc. He stated that Doris LeBlanc never told him what to do, and that the extent of his contact with LeBlanc was an incident when LeBlanc asked how things were going, and then told plaintiff to do his best after being told they were having trouble with leaks.
With regard to Horace B. Rickey, Jr., plaintiff stated that he saw that defendant on the job occasionally, but he did not know what Rickey was doing there.
The counter affidavit introduced by plaintiff simply states that "Doris LeBlanc came to the construction site and inspected same," and that he talked to workers "in a supervisory manner." The affiant also declared that he "on occasions, saw Horace Rickey, Jr. at the construction site supervising and inspecting work prior to the accident."
We feel that the undisputed facts represented in the affidavits and plaintiff's deposition establish that Rickey and LeBlanc were not supervisors on the job site where plaintiff was injured. Further, we do not feel that the counter affidavit raises any genuine issue of material fact as required by the Code of Civil Procedure. LSA-C.C.P. art. 966. It merely represents conflicting conclusions, as opposed to factual contradictions, which conclusions are to be determined by the court based upon the various factual assertions. We think, as the trial judge obviously did, that the factual assertions in this case are undisputed, and support a conclusion that these defendants were not supervisors as contended by plaintiff. A contrary conclusion by the plaintiff does not preclude the rendering of a summary judgment. Carmouche v. Eserman, 259 So.2d 600 (La.App. 4 Cir. 1972).
We feel that the trial judge inadvertently committed error when he ruled in favor of third party defendant, Aristile LeBlanc & Son, Inc., on the motion for summary judgment and the exceptions of no right or cause of action and res judicata. A review of the record reveals that this defendant did not move for summary judgment and therefore could not be granted *550 such. In addition, the only exception filed by Aristile LeBlanc & Son, Inc., was an "Exception of Res Judicata and No Cause of Action," filed along with Doris LeBlanc and National Fire & Marine Insurance Company to the petition of the original plaintiff and intervenor, urging that their demands against Aristile LeBlanc & Son, Inc., be dismissed on the basis of a settlement and release signed by plaintiff. However, the petitions of the original plaintiff and of intervenor do not make any claim against Aristile LeBlanc & Son, Inc., that could be dismissed. Consequently, the exception should not have been sustained as to that party, and the judgment is incorrect insofar as it attempts to dismiss the nonexistent claims of plaintiff and plaintiff in intervention against Aristile LeBlanc & Son, Inc.
A detailed analysis of the exception of res judicata with respect to Doris LeBlanc and National Fire & Marine Insurance Company is clearly obviated in view of our holding relative to summary judgment.
Because of the multiplicity and involved nature of the exceptions and motions filed herein we think it appropriate to make the following resume of the results of our holding:
Plaintiff's suit against Horace B. Rickey, Jr., Hartford Accident & Indemnity Company, Doris LeBlanc and National Fire & Marine Insurance Company is being dismissed on motions for summary judgment but not on exceptions of no cause of action which are being overruled. The exception of res judicata filed by Doris LeBlanc and National Fire & Marine Insurance Company is not being considered in view of the dismissal of the suit on a motion for summary judgment. The sustaining of an exception of res judicata and no cause of action on behalf of Aristile LeBlanc & Son, Inc., to the petition of plaintiff and intervenor is being reversed as being inadvertently granted since plaintiff and intervenor had not made the corporation a defendant. The action of the trial court in granting a motion for summary judgment in favor of Aristile LeBlanc & Son, Inc., is being reversed since that party did not file such a motion.
For the reasons assigned, it is ordered that the portion of the trial court's judgment which sustains the exceptions of no cause of action, and which dismisses plaintiff's petition against Aristile LeBlanc & Son, Inc., are set aside. In other respects, the judgment is affirmed. Plaintiff is to pay all costs.
Reversed in part, affirmed in part and rendered.
FRUGÉ, J., respectfully dissents and assigns written reasons.
FRUGÉ, Judge (dissenting).
I respectfully dissent from the majority's affirmation of the judgment dismissing plaintiff's demand on a motion for summary judgment.
The trial court sustained exceptions of no cause or right of action and granted a motion for summary judgment in favor of all defendants. The majority opinion correctly applies the recent case of Canter v. Koehring Company, 283 So.2d 716 (La. 1973), and overrules the exceptions of no cause and right of action.
The motion for summary judgment should not have been granted. This is a matter for trial on the merits. It is the burden of the defendants to show that there is no genuine issue of material fact. The rule needs no citation that all doubts are to be resolved against the granting of a summary judgment in favor of trial on the merits. (See: Domingue v. Independent, Inc., 248 So.2d 608 (La.App. 3rd Cir., 1971) and cases cited therein). I believe the plaintiff should be allowed his day in court.
I respectfully dissent.
NOTES
[1] See: Harris v. Patent Scaffolding Co., 277 So.2d 483 (La.App. 1 Cir. 1973), certiorari denied, 281 So.2d 736 (La.1973); Johnson v. Schneider, 271 So.2d 579 (La. App. 1 Cir. 1972); Spillers v. Northern Assurance Co. of America, 254 So.2d 125 (La.App. 3 Cir. 1971), certiorari denied, 260 La. 288, 255 So.2d 772 (1971); Chabina v. Travelers Ins. Co., 251 So.2d 414 (La.App. 1 Cir. 1971), certiorari denied, 259 La. 902, 253 So.2d 223 (1971); Chaney v. Brupbacher, 242 So.2d 627 (La.App. 4 Cir. 1970); Berry v. Aetna Casualty & Surety Co., 240 So.2d 243 (La.App. 2 Cir. 1970), certiorari denied, 256 La. 914, 240 So.2d 374 (1970); Adams v. Fidelity & Casualty Co. of New York, 107 So.2d 496 (La.App. 1 Cir. 1958); Washington v. T. Smith & Son, 68 So.2d 337 (La.App.Orl.1953).