319 So.2d 853 (1975)
BATSON LUMBER CO., INC.
v.
Mrs. Camille Gardner YATES.
No. 10415.
Court of Appeal of Louisiana, First Circuit.
September 2, 1975.
Henry A. Mentz, Jr., Hammond, for appellant.
John N. Gallaspy, Bogalusa, for appellee.
Before SARTAIN, COVINGTON and BARNETTE, JJ.
COVINGTON, Judge:
This is a suspensive appeal from a judgment sustaining the defendant's motion for a summary judgment and dismissing the suit of Batson Lumber Company, Inc., the plaintiff, said judgment having been signed on November 8, 1974.
On December 18, 1973, the plaintiff brought the suit to reform a timber contract and for the right to perform the contract and, alternatively, for damages. The gist of the petition and supplemental petition was to the effect that the original agreement for the timber sale was made about November 1, 1971, providing for payment in three installments, the last being November 1, 1973, said contract providing that title "shall not pass until said timber is severed."
The plaintiff further contended that after title examination was made there was certain curative work to be done, and that the succession was not completed until the *854 latter part of December, 1971, but that through clerical error, mistake and/or inadvertence, the final payment date was not changed to reflect the twenty-four month period for removal of said timber and, therefore, still provided that payment should be made on or before November 1, 1973. The plaintiff's petition further stated that on or about the latter date plaintiff was informed by a member of the family that the contract had expired, whereupon plaintiff informed the defendant, through her attorney, that it was ready, willing and able to cut the remaining timber on or before December 31, 1973, and to pay for same at the contract price, whereupon defendant allegedly informed plaintiff that in the event that plaintiff or his agents or contractors entered the land that immediate legal proceedings would be instituted against them for damages or any other relief allowed by law, whereupon the plaintiff did not attempt to cut and remove the remainder of the timber.
After the trial court sustained the defendant's exception of no cause of action, the plaintiff amended its petition, basically reiterating its original allegations.
Defendant then filed a motion for summary judgment, with supporting affidavits of defendant and her attorney to the effect that the plaintiff had made no tender of payment in accordance with the contract. The plaintiff answered the motion for summary judgment and annexed an affidavit of John O. Batson, President of Batson Lumber Company, to the effect that tender of payment had been timely made, but that defendant refused payment and prevented the defendant's performance.
A reading of the pleadings, the timber contract and the annexed affidavits convinces us that the trial judge committed manifest error in sustaining the defendant's motion for a summary judgment. The case is not in a posture for a summary judgment. The affidavits, together with the pleadings and the timber contract, show us that there is a genuine issue of a material fact: plaintiff says that payment is due on December 30, 1973, while defendant says that payment is due on November 1, 1973. The date on which the payment was to be made under the timber contract is in dispute. Evidence must be received to ascertain the correct payment date. Said date cannot be determined from pleadings that are apparently contradictory, affidavits that are also apparently contradictory, and a timber contract that is apparently ambiguous.
Under LSA-C.C.P. Art. 966, it is only where there is no genuine issue of a material fact that the motion for summary judgment can be granted; see Mandella v. Russo, 294 So.2d 598, 601 (La.App., 4th Cir. 1974); Cadle v. McNemar Construction Company, Inc., East Glenhaven, Inc., 281 So.2d 834, 838 (La.App., 1st Cir. 1973). Such is not the case here.
The courts have repeatedly held that a motion for summary judgment is not a substitute for a trial on the merits. See Odom v. Hooper, 273 So.2d 510, 515 (La., 1973); Hobbs v. Fireman's Fund American Insurance Companies, 293 So.2d 608, 610 (La.App., 3rd Cir. 1974), writ refused, 296 So.2d 832 (La.).
We so hold once again. The judgment is reversed and the case is remanded for a trial on the merits. The costs of this appeal are to be paid by the defendant-appellee. All other costs are to await final determination of the case.
Reversed and remanded.