GULOTTA, Judge.
Plaintiffs in these consolidated wrongful death suits against executive officers appeal the dismissal of their claims on exceptions of no cause of action.
In one of these suits, Linda Giglio Can-zoneri, the surviving spouse of Francisco Canzoneri, alleges that on January 25, 1974 her husband was employed as a manager by Self-Service Restaurants, Inc., and was assigned to a Burger King Store in the City of New Orleans. According to the petition, in the early morning hours Ronald Smith, a former employee of the Burger King store who had been discharged “several days” earlier by Canzoneri, gained entrance into the store, perpetrated an armed robbery ' and, in the course of that robbery, shot and killed Canzoneri. The petition further alleges that the store had a large cash flow, was located in a high-crime area, and had experienced problems with theft. Ronald Smith, according to the petition, was a dangerous individual with a prior criminal record of theft and robbery, and at the time he became employed was a convicted felon on “probation” after having spent time at the Louisiana State Penitentiary at Angola, Louisiana.
The suit is directed not only against Ronald Smith, the assailant, but also against the chairman of the board/stockholder, the president and chief executive officer/stockholder, the executive vice-president/stockholder, the vice-president and treasurer/stockholder, the vice-president/legal secretary, the assistant secretary, and the managing agent/personnel director, all of whom are executive officers of Self-Service Restaurants, Inc., the decedent’s employer. According to the petition, these executive officers were delegated and *975 charged with the duty of formulating, implementing and enforcing policies pertaining to the screening, hiring, management, discipline, security and safety of the personnel. The petition also sets forth that they were responsible for policy and procedures pertaining to cash flow and collection and transfer of revenue.
The specific acts of negligence, asserted in the petition, for each executive officer are identical and are as follows:
a. Failure to provide petitioner’s husband with a safe place to work.
b. Failure to properly screen applicants for employment, particularly the defendant, Ronald Smith.
c. Failure to properly develop, formulate and enforce an employment applicant screening system.
d. Failure to warn decedent and other employees working with Ronald Smith of his criminal record and his propensity for felonious acts, when he knew or should have known of his background.
e. Failure to provide adequate security at Store No. 1182 despite the fact that he knew or should have known that said store was in a high crime area, and had experienced prior to January 25, 1974 problems with theft and robbery, and had a high cash flow.
f. Failure to develop and/or properly enforce a safe and secure system for the handling of- its cash flow and the transfer of its cash.
g. Subjecting employees, particularly the decedent, to having to work with potentially dangerous co-employees.
h. Failure to issue adequate security instructions to its employees.
i. Placing an individual, namely, Ronald Smith, whom he knew, or should have known, had a dangerous criminal record, in an employment classification and work environment in which he was close to a large cash flow, without adequately explaining his character and background to the management of Store No. 1182.
j. The negligent and careless delegation of duties to subordinates pertaining to security, safety, personnel hiring and screening, employee discipline and management, and the control, collection, and transfer of revenues.
k. Other acts of negligence which shall be proven at trial.
Based upon these acts of negligence on the part of the defendant executive officers, plaintiff claims entitlement to recovery against them.
In a companion suit, Imelda and George Brubaker, parents of another Burger King employee killed in the robbery attempt, direct their suit against Self-Service Restaurants, Inc., the executive officers of the employer corporation, and the corporation’s liability insurer. The allegations of the petition and the supplemental and amended petition, when read together, assert (although in some cases in different language) substantially the same or similar acts of negligence on the part of the executive officers as set forth in the Canzoneri suit. In the companion Brubaker suit, however, plaintiffs also assert a tort claim against the decedent’s employer.
In connection with the claim against the employer, i. e., Self-Service Restaurants, Inc. and Self-Service Restaurants No. 132, Inc., our jurisprudence is well settled that plaintiff’s exclusive remedy against the employer is in workmen’s compensation. R.S. 23:1032; Jenkins v. Archer-Daniels-Midland Co., 347 So.2d 314 (La.App. 4th Cir. 1977). Accordingly, we find no error in the trial court’s judgment dismissing on exception of no cause of action the Brubaker tort claim against their decedent-son’s employer.
The more difficult problem, however, is whether the allegations of the petitions in the consolidated suits state a cause of action against the executive officers. R.S. 23:13 provides:
“13. Employers’ duty as to safety.
Every employer shall furnish employment which shall be reasonably safe for the employees therein. They shall furnish *976 and use safety devices and safeguards,' shall adopt and use methods and processes reasonably adequate to render such employment and the place of employment safe in accordance with the accepted and approved practice in such or similar industry or places of employment considering the normal hazard of such employment, and shall do every other thing reasonably necessary to protect the life, health, safety and welfare of such employees. Nothing in this Section shall apply to employment in private domestic service or to agricultural field occupations.”
The landmark case of Canter v. Koehring Company, 283 So.2d 716 (La.1973), stated that the executive officer is individually liable to a third person, including co-employees, damaged solely by reason of the defendant’s individual breach of an employment-imposed duty, under the following circumstances:
1. The employer owes a duty of care to the third person, breach of which has caused the damage for which recovery is sought.
2. The employer delegated this duty to the defendant.
3. The defendant breached this duty through personal (as contrasted with technical or vicarious) fault. He must have a personal duty toward plaintiff, breach of which specifically caused plaintiff’s damages.
4. If the defendant’s general responsibility was ■ delegated with due care to responsible subordinates, he is not himself personally liable unless he personally knew or should have . known of its nonperformance or mal-performance, but he nonetheless failed to cure the risk of harm.
Further, in Pfister v. Phoenix of Hartford Insurance Company, 290 So.2d 362 (La.App. 4th Cir. 1974), writs denied, La., 293 So.2d 187, this court recognized the established rule that if an employer puts his employee in a position of undisclosed danger, he is liable to the employee who is injured thereby. See also, Abshire v. Hartford Accident and Indemnity Insurance Company, 289 So.2d 545 (La.App. 3rd Cir. 1974), writs denied La., 293 So.2d 170, which concluded that the petition stated a breach of employment-imposed duty to provide a safe place to work.
Lou-con, Inc. v. Gulf Building Services, Inc., 287 So.2d 192 (La.App. 4th Cir. 1973), writs refused, La., 290 So.2d 899, 901 (1974), involved a tort claim asserted by a customer against a janitorial service for damages, caused to the customer as a result of a criminal act of a janitorial employee. In Lou-con, this court recognized and adopted the rule that an employer- who hires an employee who, in the performance of his duties, will have a unique opportunity to commit a crime against a third party, has the duty to exercise reasonable care in the selection of the employee.
In our ease the allegations assert that the executive officers are charged with the duties of formulating and enforcing policies pertaining to employment, hiring, management and security; that they failed to provide the employee with a safe place to work; that they failed to properly screen applicants for employment; that they failed to warn decedents and employees working with the assailant of his criminal record and his propensity for felonious acts, when they knew or should have known of his background; that they subjected employees to working with potentially dangerous co-employees; that they failed to issue adequate security instructions to the employees; that they placed the assailant, whom they knew or should have known had a dangerous criminal record, in an employment classification and work environment in close proximity to large cash flow without explaining the assailant’s character and background to the decedent manager; and that they carelessly delegated duties to subordinates regarding security, personnel screening and hiring as well as personnel discipline and management.
The petitions allege the breach of an employment-imposed duty to provide a safe place to work, R.S. 23:13 and Abshire, su *977 pra. The petitions further allege that the executive officers, who are responsible for the adoption of a policy and responsible for the implementation and carrying-out of that policy, breached the duty of exercising reasonable care in the selection of employees when an employee is possessed of a unique opportunity to commit a crime. Lou-con, Inc. v. Gulf Building Services, Inc., supra.
However, Smith was not a co-employee at the time the crimes were committed. He had been discharged “several days” before the robbery and murder. Significantly absent from the petitions in the two consolidated suits are allegations that Smith’s former employment was connected with his being in a position to kill Canzoneri and Brubaker so as to make the executive officers liable.
One may reasonably argue that such an implication arises from the allegations which connect the violent acts to Smith’s employment, but courts must look to the allegations of fact to ascertain whether or not those allegations, taken as true for the purposes of the exception, plainly state a cause of action. When we consider the allegations in these petitions we conclude that they fail to allege a connection between Smith’s earlier employment with Self-Service Restaurants, Inc. and his being in a position to commit the acts of violence so as to make the executive officers liable. Accordingly, we find no error in the judgment of the trial court maintaining the exceptions of no cause of action in the consolidated suits. However, where these exceptions have been maintained, the petitioner shall be afforded an opportunity to amend the petition to state a cause of action when the amendment to a petition can be made. LSA-C.C.P. 927 and 934. The judgments maintaining the exceptions of no cause of action are affirmed. These matters are remanded, consistent with the foregoing, to permit petitioners an opportunity to amend.

AFFIRMED AND REMANDED.