COVINGTON, Judge.
This is a suspensive appeal from a judgment sustaining the motion of plaintiff, Dow Chemical Company (Dow), for a summary judgment, denying the motion of defendant, Cenard Oil & Gas Company (Ce-nard), for a summary judgment, and rendering judgment in favor of plaintiff and against defendant in the amount of $37,-267.23, with interest and costs, said judgment having been signed on March 5, 1980. We reverse and remand.
This suit was instituted by Dow against Cenard, Richard 0. Brennen and J.F. Corley on August 17,1978, to recover prepayments allegedly made by Dow to Cenard and the other defendants under a gas purchase contract.[1] By answer filed March 13, 1979, Cenard generally denied the allegations of Dow’s petition and by way of affirmative defense specifically averred extinguishment of the claim by novation. Thereafter, Dow and Cenard each filed opposing motions for summary judgment on different bases, which resulted in the judgment complained of on this appeal.
Under LSA-C.C.P. art. 966, it is only where there is no genuine issue as to material fact and the mover is entitled to judg *1299 ment as a matter of law that the motion for summary judgment can be granted. Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977); Batson Lumber Co., Inc. v. Yates, 319 So.2d 853 (La.App. 1 Cir. 1975).
A reading of the pleadings, answers to interrogatories, the contract in question, and the annexed affidavits convinces us that the trial court committed error in granting Dow’s motion. The case is not in a posture for summary judgment; there are genuine issues of material fact, e. g. whether or not Dow made performance under the contract impossible for Cenard; whether Dow novated the original contract without the agreement of Cenard; and what procedure, if any, does the contract set out to recover for gas paid for but not taken.
In the case of Fly v. Hand, 376 So.2d 1016, 1020 (La.App. 1 Cir. 1979), this Court remarked:
“Therefore, a trial on the issue of failure of consideration will be necessary to determine Hand’s obligation on the subject note, as well as any other pertinent issue that may develop at the trial on the merits. From our observation, summary judgments are sparingly granted. The purpose of the summary judgment procedural device is to dispose expeditiously of cases involving only issues of law; hence, the mover for summary judgment has a heavy burden of proving that there is no genuine issue of material fact. In determining the genuineness of the issue, the courts are not permitted to consider the merits of the fact at issue, the credibility of witnesses, or whether or not the party alleging the fact will be able to sustain the burden of proving it. The courts have repeatedly held that a motion for summary judgment is not a substitute for a trial on the merits. Odom v. Hooper, 273 So.2d 510 (La.1973); Batson Lumber Co., Inc. v. Yates, 319 So.2d 853 (LaApp. 1 Cir. 1975).”
Moreover, we are unable to say that the gas purchase contract is entirely free of ambiguity in the matters set out above. Thus, there is a genuine issue of material fact as to the intention of the parties concerning reimbursement for cash advances, and a trial on the merits is required. Teledyne Movible Offshore, Inc. v. C & K Offshore Company, 376 So.2d 357 (La.App. 3 Cir. 1979).
For the assigned reasons, we reverse the trial court’s granting of the motion for summary judgment and the judgment rendered thereon, remand to the trial court for further proceedings, and assess all costs of this appeal against the plaintiff-appellee.
REVERSED AND REMANDED.

. The suit against the two named individuals, Brennen and Corley, was dismissed below by Dow and that matter is no longer before the Court.