KNOLL, Judge.
We are consolidating the actions against Worldsurance, Inc. (hereafter Worldsu-rance) by Ivory Williams and Levi Patton in this appeal since the issues involved are identical. A separate opinion based upon the reasons stated herein is rendered this day in Patton v. Timber Company, 524 So.2d 887 (La.App. 3rd Cir.1988).
Ivory Williams (hereafter Williams) sued Palmer Jones Timber Company (hereafter Palmer Timber) alleging a claim for worker’s compensation benefits for an injury he received on March 7,1980. Palmer Timber answered Williams’ petition and filed a third-party demand against Worldsurance, alleging that Worldsurance was its worker’s compensation insurer. Worldsurance *876 answered Palmer Timber’s third-party demand, denying all allegations and asserting that the actual insurer was Mentor Insurance, Ltd. (hereafter Mentor). Worldsu-rance filed a motion for summary judgment seeking dismissal of Palmer Timber’s third-party demand. There is no pleading of record filed by Williams against Worldsu-rance.
The same procedural history applies to Patton’s claim with the exception that Patton filed an amended petition against Worldsurance after judgment was signed in Worldsurance’s motion for summary judgment.
The result of both motions for summary judgment was that the demands of Williams, Patton and Palmer Timber against Worldsurance were dismissed.
We reverse but do not reach the assertions by Williams and Patton that there was a genuine issue of material fact which precluded summary judgment.
LSA-C.C.P. Art. 966 provides, in part, that “The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” (Emphasis added.)
We conclude that the trial court erred when it ruled in favor of third-party defendant, Worldsurance, against Williams and Patton. Worldsurance’s motions for summary judgment only sought dismissal of the demands of third-party plaintiff, Palmer Timber. Worldsurance did not move for summary judgment as to Williams and Patton; at the time of World-suranee’s motion and the hearing on that motion the record is void of any claim by Williams and Patton against Worldsurance. Therefore as a matter of law Worldsurance could not have sought judgment in its favor against Williams and Patton because Williams and Patton had not asserted a claim against it. In accord see Stell v. Louisiana Dept. of Public Safety, 499 So.2d 1211 (La.App. 5th Cir.1986) and Abshire v. Hartford Accident & Indem. Ins. Co., 289 So.2d 545 (La.App. 3rd Cir.1974), writ denied, 293 So.2d 170 (La.1974).
We distinguish Strickland v. Bd. of Sup’rs of La. St. Univ., 432 So.2d 964 (La.App. 4th Cir.1983), and cases cited therein. In those cases it was clear that the opposing parties had been included in the moving party’s motion for summary judgment and that the opposing parties had justiciable claims against the mover at the time of the motion.
For the foregoing reasons, the judgments dismissing Williams and Patton are reversed and set aside as they pertain to those plaintiffs. These matters are remanded for further proceedings consistent with the views expressed herein. Costs of these appeals are assessed to Worldsu-rance.
REVERSED AND REMANDED.